Henry MAREK et ux., Appellants,

v.

BAYLOR COUNTY, Texas, Appellee.

No. 4228.

Court of Civil Appeals of Texas.

Eastland.

June 21, 1968.

Rehearing Denied July 12, 1968.

R. J. Balch, Seymour, for appellants.

H. W. Fillmore, Fillmore & Fillmore, Wichita Falls, for appellee.

COLLINGS, Justice.

Baylor County brought suit against Henry Marek and wife Fannie S. Marek, seeking a mandatory injunction requiring defendants to remove a dam or levee which they had constructed on the west side of their property across a natural draw or drainage way. It was plaintiff's contention that the levee prevented surface water from proceeding naturally down the draw during rainy seasons causing water to accumulate and inundate the county road rendering it impassible and causing other damage thereto. The defendants contended that a culvert under the road in question was of such size and so constructed that it caused the surface water to come on their land with concentrated force and do considerable damage. They contended that they were entitled to construct the levee or dam to prevent such damage to their land. In answer to a single special issue the jury found in effect that the manner of the construction of the county road was not such that it would damage defendants' land by the flow of water down the draw in concentrated force. Based upon that finding, judgment was rendered in favor of Baylor County. Mr. and Mrs. Marek have appealed.

■■■ In appellants' first point it is contended that the court erred in overruling their motion for a mistrial because a juror continued to participate in the trial of the case after having been excused from further service. The point is overruled. Appellants had the burden to show the existence of reversible error and they have failed to meet this burden. The record does show that the juror continued to serve after she had been excused. This fact does not, as appellants contend, constitute fundamental error. Appellants in their motion for a mistrial did complain of the fact that the juror continued to serve after being excused, but no hearing was held on the motion for mistrial. The motion was not acted upon until after the expiration of 45 days from the date judgment was entered and was therefore overruled by operation of law. There was no showing that appellants objected to the continued service of the juror until after the verdict. The complaining party in such a case must object promptly or the irregularity is waived. 56 Tex.Jur.2d 333; Allala v. A. N. Tandy & Sons, 59 S.W.2d 205 (Tex. Civ.App., 1933) affirmed in 92 S.W.2d 227 (Tex.Com.App., 1936); White v. Yellow Cab Company, 286 S.W.2d 237 (Tex.Civ.App., 1955, no writ history); Williams v. Phelps, 171 S.W. 1100 (Tex.Civ.App., 1914, dism. w. o. j.); Anderson Bros. v. Parker Construction Co., 254 S.W. 642 (Tex.Civ.App., 1923, writ dism.); Wolf v. Wolf, 269 S.W. 488 (Tex.Civ.App., 1925, writ dism.).

■■ Appellants urge in their second point that the court erred in rendering judgment against them, asserting that appellee failed to plead or prove that because of appellants' action in constructing and maintaining the levee or dam, the county had sustained any damage or at least more than trivial damage. In the first place appellants by constructing the dam violated provisions of Vernon's Ann.Civ.St. Article 7589a. It was not necessary for appellee to further plead or prove any specific damage. Additionally, contrary to appellants' contention, appellee did plead and prove specific damages. The county alleged in its pleading that because of the construction and maintenance of the dam by appellants water had on several occasions been backed up so that the county road was inundated and could not be used by the public for a considerable time and that additional damages resulted to the road. Concerning the existence of damages to the county the records show that appellants admitted such damages as indicated in the court's charge as follows:

"You are instructed that the Plaintiff and the Defendant have agreed in open court that the only issue left in this case to be answered by a jury is the issue that the Court is submitting to you in this charge; both parties, that is, the Plaintiff and the Defendant, have admitted in open court that all other issues that would ordinarily be submitted to you in this case are without dispute and by reason thereof there is

no need nor necessity for the Court to submit any other issue to the jury in this case."

Numerous witnesses also testified that the dam in question caused the county road to become inundated and impassible after heavy rains and resulted in general injury to the public. Appellants have in effect admitted that there is no dispute about the matter. Their second point is overruled.

Appellants contend in other points that the court erred (3) in sustaining appellee's exceptions to their pleas of laches, stale demand and estoppel, (4) in sustaining appellee's exception to appellants' plea of an offer to compromise, (5) in sustaining appellee's special exception to appellants' plea of damage, thereby denying their right to ask for damages if the county caused the levee to be removed, and erred (6) in entering judgment for appellee because the court improperly overruled appellants' motion for an instructed verdict.

■ In order to raise a question in an appellate court the general rule is that the record must show a proper objection, motion or request was timely made in the trial court and overruled, and that such action of the court was excepted to by the complaining party. This record fails to show that any of the special exceptions which are the basis of appellants' points were presented to the trial court, or that the trial court sustained any such exceptions or that appellants excepted to the action of the trial court in that respect. The points, therefore, cannot be considered on this appeal. 3 Tex.Jur.2d, Appeal and Error-Civil, Sec. 159, page 438; George v. Senter, 194 S.W.2d 290 (Tex. Civ.App., 1946, error ref. n. r. e.); Preston State Bank v. National Union Fire Insurance Co., 320 S.W.2d 184 (Tex.Civ.App., 1958, no writ history); McKnight v. Renfro, 371 S.W.2d 740 (Tex.Civ.App., 1963, error ref. n. r. e.); Baker v. Marable, 373 S.W.2d 377 (Tex.Civ.App., 1963, no writ history).

■ Likewise, appellants' motion for a new trial failed to complain of the action of the court in overruling their motion for an instructed verdict. Appellants, therefore, waived their right to urge such alleged error on appeal and their point number six complaining of the alleged error cannot be considered.

We have, however, nevertheless, examined the points which we have held should not be considered and find no reversible error presented therein.

■ In appellants' seventh and eighth points it is contended that the court erred in entering judgment for appellee because appellants contend there is no evidence and insufficient evidence to support the jury's negative answer to special issue number one, which inquired whether construction of the road across the draw in question would cause water to flow down said draw in such concentrated force as to damage appellants' land. These points are overruled. Contrary to appellants' contention, there was ample evidence to have supported an affirmative finding on the issue. This, however, is not the question here involved. The issue concerning damage to appellants' land because of the manner of construction of the county road was appellants' defensive issue. The burden of proof was on appellants to show that such damage would result and the issue was properly so submitted in the court's charge. The jury found contrary to appellants' contention, and the finding required the judgment rendered. It would avail appellants nothing if there was no evidence or insufficient evidence to establish the fact that their land had not been damaged as claimed. Their burden is to show that the evidence conclusively established such damage. C. & R. Transport, Inc. v. Campbell, 406 S.W.2d 191 (Sup.Ct., 1966); Ashley v. Usher, 384 S.W.2d 696, 17 A.L.R.3d 595 (Sup.Ct., 1964). They have not met that burden.

The judgment is affirmed.