**William WAGGENER, Appellant,**

v.

**Gladys Roberts WAGGENER, Appellee.**

**No. 17498.**

Court of Civil Appeals of Texas, Dallas.

Oct. 23, 1970.

Rehearing Denied Nov. 13, 1970.

Logan Ford, Burford, Ryburn & Ford, Dallas, for appellant.

Ira Butler, Jr., Cantey, Hanger, Gooch, Cravens & Munn, Fort Worth, for appellee.

CLAUDE WILLIAMS, Justice.

Gladys Roberts Waggener instituted this suit against William Waggener for divorce, custody of children, support for children, and division of the property of the marriage. The case was tried to the court and a final decree was rendered awarding divorce to the wife, granting to her custody of the two adopted children of the marriage, providing for child support, and dividing the community property. No findings of fact or conclusions of law were requested or filed.

Appellant's appeal asserts no complaint concerning that part of the decree awarding divorce, child custody or child support. In three points of error appellant contends that the judgment should be reversed because (1) the trial court erred in overruling appellant's special exception directed to appellee's general allegation relating to a division of property; (2) that the court erred in admitting evidence of any factor or equity tending to authorize a disproportionate division of the property because of the lack of pleadings to properly apprise appellant of the facts sought to be relied upon so that he might adequately prepare his defense; and (3) the court so abused its discretion in awarding appellee a disproportionate share of the property of the parties as to be manifestly unfair and unjust. We find no merit in any of these points and affirm the judgment.

Prior to the time appellee filed her first amended original petition appellant had, in obedience to orders of the court, filed an inventory and appraisement which included both separate and community property. In her first amended original petition appellee

referred to this inventory and appraisement and said, inter alia:

"Plaintiff would show that the Court in considering a fair and equitable property settlement by and between the parties should in all manner consider the extent of all property of whatever nature possessed or controlled by defendant, and in this respect plaintiff asks the Court to consider all equities of, by and between the parties, and that full relief available to plaintiff under the laws of this State be granted to and obtained by plaintiff."

■ In her prayer she asks to be granted "the full relief available to her regarding the separation and settlement of property rights and income of whatever nature or source to which she is justly entitled under the laws of this State when considered with the equities of the case and the relative position of the parties." Appellant leveled a special exception to these allegations in which it was asserted that the language was too general to apprise appellant of the proof which would be offered in support thereof and therefore he wouldn't be able to properly prepare his defense. This exception was overruled.

In determining the nature and extent of necessary allegation concerning division of property in a divorce action we must remember that the law makes it mandatory for the trial judge to order a division of the estate of the parties when pronouncing a decree of divorce. Art. 4638, Vernon's Ann.Civ.St. of Texas, V.T.C.A., which was in effect at the time of the institution of this action, as well as the trial thereof, and also Section 3.63 of the Uniform Family Code of Texas, effective January 1, 1970, both provide that the court pronouncing a decree of divorce shall also decree and order a division of the estate of the parties in such a way as the court shall deem just and right, having due regard to the rights of each party and their children, if any. Our Supreme Court in Ex Parte Scott, 133 Tex. 1, 123 S.W.2d 306 (1939), emphasized the mandatory duty of the trial

court to decree a division of the property and in doing so the court can be controlled by the facts which lead him to believe it is just and right. See also Hailey v. Hailey, 160 Tex. 372, 331 S.W.2d 299 (1960).

Under these statutes the division of the property does not have to be equal. The law permits a variety of factors to be looked to as justification for an unequal division. The points of inquiry upon which evidence should be accepted and tested by a trial court in making its decision as to equitable division of the property to be divided are enumerated in Speer's Marital Rights in Texas, Vol. 3, Sec. 835, pp. 178–179 and include (1) the nature of the property; (2) the relative rights of the parties and the children; (3) the condition of the parties and their ability to make a living; (4) the earning power, business opportunities, capacities, and abilities of the parties; and (5) the benefit which a spouse not at fault would have derived from the estate of the other spouse through a continuance of the marriage. These basic factors have consistently been examined and considered by trial courts in carrying out the statutory mandate to decree a just and fair division of property. Allen v. Allen, 363 S.W.2d 312 (Tex.Civ.App., Houston 1962, no writ); Duncan v. Duncan, 374 S.W.2d 800 (Tex. Civ.App., Eastland 1964, no writ); Roye v. Roye, 404 S.W.2d 92 (Tex.Civ.App., Tyler 1966, no writ); and Keene v. Keene, 445 S.W.2d 624 (Tex.Civ.App., Dallas 1969, no writ).

An examination of the record reveals ample testimony relating to each of these factors upon which the court rendered its decision. Appellant, as manager of the community estate of the parties, filed a complete inventory and list of claims setting forth all community and separate property. As to the relative ability of the parties to work and earn money the record reveals that the parties had been married for twenty-six years; that appellee wife had not been employed for more than twenty years and had a limited college training of one and one-half years, all of which

was within the knowledge of appellant. Concerning the question of fault in bringing the marriage to an end appellant's attorney, in open court, made a judicial admission of the acts of cruelty alleged by appellee which made the continuance of the marriage insupportable. As to the admission of fault, appellant's attorney also said:

"We tendered it in the form of a stipulation, and now we make it in the form of an admission, with the purpose of limiting it at least to the extent the Court has to go into these properties—these facts." As to the factor of future necessities appellant stipulated and made a judicial admission that the best interest of the children would be best served by the appellee having custody of them. One of the children was suffering with a mental and emotional defect which required extraordinary treatment in the present as well as in the foreseeable future.

We find nothing in this record to indicate that appellant was surprised or had inadequate knowledge of the various factors to be considered by the court in making the decree concerning the division of the property. It is therefore evident that the trial court did not abuse the large measure of discretion which was vested in him in passing upon the special exception. Southern Underwriters v. Hodges, 141 S.W.2d 707 (Tex.Civ.App., Waco 1940, writ ref'd); Arrow Chemical Corporation v. Anderson, 386 S.W.2d 309 (Tex.Civ.App., Dallas 1965, writ ref'd n. r. e.).

Even if it could be said that the trial court committed error in overruling appellant's special exception we hold that appellant has not sustained his burden of demonstrating that the error probably resulted in the rendition of an improper judgment. Dennis v. Hulse, 362 S.W.2d 308 (Tex.Sup. 1962); South Austin Drive-In Theatre v. Thomison, 421 S.W.2d 933 (Tex.Civ.App., Austin 1967); and Rule 434, Texas Rules of Civil Procedure. According to the record the trial of this case was not had until fourteen months following the filing of appellee's petition for relief. During that time appellant exercised his right of extensive discovery. Appellant has failed to demonstrate that he was surprised by the production of appellee's testimony or that he was prevented from presenting testimony of his own. Appellant presents no evidence in the form of a bill of exception which he would have tendered but for the overruling of his special exception.

Since the action of the trial court in overruling appellant's special exception was not error, or in any event harmless error, the admission of evidence over objection of appellant was not error and we therefore overrule appellant's second point.

In our consideration of appellant's third point in which he charges that the trial court abused its discretion by ordering an unequal division of the property between the parties we are mindful of the rule that where there are no findings of fact or conclusions of law we must consider the evidence as a whole and all reasonable inferences and deductions that may be properly drawn therefrom in the light most favorable to the appellee. Roye v. Roye, 404 S.W.2d 92 (Tex.Civ.App., Tyler 1966, no writ) and Seaman v. Seaman, 425 S.W.2d 339 (Tex.Sup.1968). Also, there is a presumption in favor of the trial court's exercise of its discretion regarding division of property in a divorce action. Mozisek v. Mozisek, 365 S.W.2d 669 (Tex.Civ.App., Fort Worth 1963).

The trial court, in its decree concerning division of property, did not disturb the separate estate of either of the parties. With reference to a division of the community estate, the court awarded appellee a greater share than appellant. We find no reason to encumber this record with a recitation of the details of this disproportionate division since a review of this record compels a conclusion that the trial court did not abuse its discretion in making such division. It is only where the record when viewed in its entirety clearly demon-

strates that the court's order is manifestly unjust and unfair, or, as said by one court, where there is à flagrant abuse of such discretion, such order should be set aside. Hedtke v. Hedtke, 112 Tex. 404, 248 S.W. 21 (1923); Roberson v. Roberson, 420 S.W. 2d 495 (Tex.Civ.App., Houston 14th Dist. 1967, writ ref'd n. r. e.); and Buckler v. Buckler, 424 S.W.2d 514 (Tex.Civ.App., Fort Worth 1967, writ dism'd). Appellant's third point is overruled.

The judgment of the trial court is affirmed.