Lois Coreen WILLIAMS, Appellant,

v.

Eugene Emerson WILLIAMS, Appellee.

No. 920.

Court of Civil Appeals of Texas,
Tyler.

April 29, 1976.

Leslie Thacker, Houston, for appellant.

J. Christopher Kolstad, McDonald & Calhoon, John B. McDonald, Palestine, for appellee.

MOORE, Justice.

Appellee, Eugene Emerson Williams, instituted this suit against appellant, Lois Coreen Williams, seeking a divorce and a division of the property. After a trial before the court, sitting without a jury, judgment was rendered dissolving the marriage and dividing the property. Appellant, Lois Coreen Williams, perfected this appeal.

Appellant brings seven points of error seeking a reversal of that portion of the judgment dividing the property. By her first point she contends that the trial court erred in refusing to order the appellee to file an inventory and appraisement of the various items of community property owned by the parties. We find no merit in this contention and accordingly overrule the point.

The record reveals that prior to trial appellant filed a motion requesting the court to order appellee to file an inventory and appraisement of the community property. In response to the motion, the trial court ordered appellee to file an inventory of the community property. The order did not require appellee to file an appraisement. Appellee complied with the order

and filed only an inventory of the property without an appraisement. While appellant argues on this appeal that the court erred in failing to order an appraisal of the property, the record fails to show that appellant excepted to the order or otherwise called the deficiency to the attention of the trial court. As a matter of fact, the record reveals that appellant's attorney approved the order. It is well settled that points of error not raised in the trial court cannot be considered for the first time on appeal. 3 Tex.Jur.2d App. and Err., Civil Cases, sec. 98, 422 (1974). While the record shows that appellant filed a second motion requesting the court to order a new inventory and appraisement, there is nothing in the record showing that the court made any ruling thereon. In order to raise a question in an appellate court, the general rule is that the record must not only show that the appellant requested relief in the trial court but that the trial court made an adverse ruling thereon. *Marek v. Baylor County*, 430 S.W.2d 220 (Tex.Civ.App.—Eastland 1968, writ ref'd n. r. e.). A motion not acted on by the trial court furnishes no basis for a point of error. *Ladd v. Knowles*, 505 S.W.2d 662, 668 (Tex.Civ.App.—Amarillo 1974, no writ); *Producers Inv. Corp. v. Spears*, 232 S.W.2d 761, 764 (Tex.Civ.App.—Fort Worth 1950, no writ). Appellant's first point is overruled.

By her second, fourth, fifth and sixth points, appellant seeks a reversal on the ground that the division of the property made by the trial court was unfair and inequitable. Appellant argues that the trial court erred in failing to take into consideration the disparity of income, as well as the earning capacity of the parties, and abused its discretion in failing to award her at least one-half of the community property. She further argues that the division was rendered inequitable because the trial court erred in failing and refusing to award her the $9,000 note as her separate property before dividing the community property. We overrule the points.

In considering these points, which charge that the trial court abused its discretion by ordering an unequal division of the property between the parties, we are mindful of the rule that where there are no findings of fact or conclusions of law, we must consider the evidence and all reasonable inferences and deductions that may be properly drawn therefrom in the light most favorable to the appellee. *Bishop v. Bishop*, 359 S.W.2d 869, 871 (Tex.1962); *Waggener v. Waggener*, 460 S.W.2d 251, 254 (Tex.Civ. App.—Dallas 1970, no writ); *Roye v. Roye*, 404 S.W.2d 92, 96 (Tex.Civ.App.—Tyler 1966, no writ). Also there is a presumption in favor of the trial court's exercise of its discretion regarding division of property in a divorce action. *Waggener v. Waggener*, supra; *Mozisek v. Mozisek*, 365 S.W.2d 669 (Tex.Civ.App.—Fort Worth 1963, writ dism'd).

The record reveals that at the time of trial Mrs. Williams was 72 years of age and Mr. Williams was 68. The parties had been married for approximately 24 years and had no children. Both parties were receiving social security payments, with Mr. Williams receiving $223 per month and Mrs. Williams receiving $133 per month. Prior to the divorce the parties had a bank account in the amount of $16,000, which they voluntarily divided equally with each receiving $8,000. The division of these funds was approved by the court in the divorce decree. Other than furniture and personal effects, about which there is no dispute, the property consisted of the following: (a) one promissory note of the value of $9,000, payable in monthly installments of $125 each, (b) one promissory note of the value of $1,000, payable in monthly installments of $50 each, (c) four cemetery lots of the value of $400, (d) one 1959 Oldsmobile, the value of which is not shown by the evidence, (e) one 1966 pickup truck, the value of which is not shown by the evidence, (f) a house and a shop building situated on a two-acre tract of land, of the total value of $23,500, (g) carpenter tools, lumber and pipe, which Mr. Williams testified was nothing more than "junk," accumulated over a lifetime with the value not being established by any competent evidence, and (h) a monthly pension

paid to Mr. Williams by the carpenter's union in the amount of $122 per month, the value of which is not shown by the evidence. The trial court divided the property as follows: appellant, Lois Coreen Williams was awarded (1) the two promissory notes of the total value of $10,000; (2) the sum of $16,000 in cash, $8,000 of which she received in the division made by the parties prior to the divorce and $8,000 of which she was awarded in the divorce decree with appellee being ordered to pay her such amount; (3) the 1959 Oldsmobile automobile; (4) an undivided one-half of the mineral estate under the two-acre homestead tract, and (5) the four cemetery lots. Mr. Williams was awarded (1) the home, together with the shop building situated on the two-acre tract of land; (2) an undivided one-half interest in the mineral estate under the two-acre tract; (3) the hand tools, lumber, pipe and other items situated in the shop building, (4) the 1966 pickup truck, and (5) the carpenter union's pension in the amount of $122 per month, approximately ⅖th of which was earned by Mr. Williams before his marriage to appellant.

We find no merit in appellant's contention that the major portion of the $9,000 note was her separate property or that the court erred in refusing to award it to her prior to the division of the community. It will not be necessary to encumber the record with a recitation of the details of this particular transaction. The note was given to the parties in exchange for a house and lot which was owned by them as tenants in common. Appellant's claim is for reimbursement for separate funds expended by her in improving appellee's undivided one-half interest in the property. Ordinarily, where the separate funds of one spouse are used to improve property owned by the other, the spouse advancing the funds is entitled to reimbursement. The burden of proving a claim for reimbursement is on the party asserting it. While there is testimony in the record showing that Mrs. Williams expended some undisclosed amount of her separate funds to improve the property, the statement of facts contains no evidence showing the amount thereof. Therefore,

appellant must be held to have waived her right to recover reimbursement as a part of her separate estate. In any event, no harm resulted to appellant since the trial court awarded her the note. Rule 434, Texas Rules of Civil Procedure.

We likewise find no merit in appellant's contention that the division was so grossly disproportionate as to constitute an abuse of discretion. The record fails to show the value of several of the items of property. The total value of the items of property awarded to each party which was established by the evidence shows that Mrs. Williams received property of the value of $26,400 while Mr. Williams received property of the value of $23,500. Appellant takes the position that since the court awarded Mr. Williams the carpenter union's pension and the hand tools, as well as a large amount of lumber, pipe and other items situated in the workshop, he was awarded more than his fair share of the community. Upon the record before us appellant's contention cannot be sustained. There is no evidence whatever showing the value of the pension nor is there any evidence of the value of the hand tools and other items situated in the shop building. With regard to the former, the evidence shows appellee earned ⅖th of the pension prior to his marriage to appellant, and with regard to the latter, the appellee testified it was nothing but junk. Upon viewing the evidence in a light most favorable to the judgment, it must be presumed that the trial court found these items of property to be of little or no value. In the absence of evidence showing the value of each of such items of property, it would be rank speculation to hold that the division made by the trial court was so unjust and unfair as to constitute an abuse of discretion.

While Article 3.63 of the Texas Family Code provides that in a decree of divorce the trial court shall order a division of the estate of the parties in a manner that the court deems just and right, having due regard for the rights of each party, it is well established that the trial courts are

given wide discretion in making a division of the estate of the parties. Equal division is not required. Upon appeal it must be presumed that the trial court exercised its discretion properly and the cause will be reversed only where the division is manifestly unjust. *Bell v. Bell*, 513 S.W.2d 20, 22 (Tex.1974); *Hedtke v. Hedtke*, 112 Tex. 404, 248 S.W. 21 (1923); *In re Marriage of McCurdy*, 489 S.W.2d 712, 717 (Tex.Civ.App.—Amarillo 1973, writ dism'd). As we view the record, appellant failed to discharge her burden of showing that the court's order dividing the property was manifestly unjust and unfair or that there is a flagrant abuse of discretion to such an extent that the order should be set aside. *Waggener v. Waggener*, supra.

Appellant urges in her third point that the trial court erred in awarding her an attorney's fee in the amount of $250 rather than the sum of $1,750 established by the evidence. The point is overruled.

There is no statutory law permitting a wife to recover an attorney's fee in a divorce action. The law is well settled that the allowance of attorney's fees to the wife in a divorce action, as well as the amount thereof, is a matter left to the sound discretion of the trial judge by virtue of the general equity jurisdiction of the court. *Zaruba v. Zaruba*, 498 S.W.2d 695, 700 (Tex.Civ.App.—Corpus Christi 1973, writ dism'd); *Hearn v. Hearn*, 449 S.W.2d 141 (Tex.Civ.App.—Tyler 1969, no writ). Whether an attorney's fee is to be granted or not is but a factor to be considered by the court in making an equitable division of the estate, considering the conditions and needs of the parties and all of the surrounding circumstances. *Carle v. Carle*, 149 Tex. 469, 234 S.W.2d 1002 (1950).

By her final point appellant complains of the failure of the court to file findings of fact and conclusions of law. The record reveals that appellant made her first request for findings of fact and conclusions of law on August 4, 1975. The trial court neglected to file such findings within the 30-day period prescribed by Rule 297, Texas Rules of Civil Procedure. Under the provisions of the foregoing rule appellant had a duty to call the omission to the trial judge within 5 days after expiration of the 30-day period. Appellant failed to call the matter to the trial judge's attention until long after the 5-day period prescribed in Rule 297 had expired. Having failed to comply with the rule, appellant waived her right to complain. *Blair v. Blair*, 434 S.W.2d 943, 947 (Tex.Civ.App.—Dallas 1968, no writ); *Associates Development Corp. v. Air Control Products, Inc.*, 392 S.W.2d 542, 544 (Tex.Civ.App.—Austin 1965, writ ref'd n. r. e.); Rule 297, T.R.C.P.

The judgment of the trial court is affirmed.