Mrs. Lester DAWSON, Appellant,

v.

James T. DAWSON, Appellee.

No. 1030.

Court of Civil Appeals of Texas, Tyler.

July 14, 1977.

Rehearing Denied Aug. 4, 1977.

Paul E. Tatum, Jr., Holt, Tatum & Meehan, Nacogdoches, for appellant.

John O. Sutton, Stripling & Sutton, Nacogdoches, for appellee.

McKAY, Justice.

Appellant, Mrs. Lester Dawson, and appellee, James T. Dawson, were granted a divorce in Harris County on June 18, 1956. The judgment recited that the parties had divided their community property by agreement, and made no adjudication of it. On the same day appellee executed a deed to appellant conveying two tracts of land in the Louis Sanches Grant, Nacogdoches County, Texas. The deed also contained the following language in the description: "And all other property, of whatever description, as revealed by the records in the office of the County Clerk of Nacogdoches County, Texas, in which I now own or may at any future date own, any interest, right or title."

On July 5, 1971, appellee's mother, Mrs. Ida Dawson died, leaving two tracts of land to several residuary beneficiaries, one of which was appellee, under a will duly admitted to probate on August 31, 1971.

On July 11, 1972, appellee brought suit in the 145th District Court of Nacogdoches County (the same court as the trial court in the present case) against appellant seeking to have the court find and determine that the above quoted provision in the deed was invalid and of no legal effect. Appellee's Motion for Summary Judgment was granted, and the District Court in Cause No. 15,200–72–7, on November 20, 1973, rendered judgment that the deed of June 18, 1956, "conveyed no property other than the two tracts described in the Deed situated in Nacogdoches County, Texas, and property owned by James T. Dawson as of the date of said Deed." There was no appeal from such judgment.

The present suit was filed January 8, 1974, in Cause No. 15,511–74–1, by appellant against appellee seeking a correction deed as well as judgment for the undivided interest in a tract of land inherited by appellee from his mother, and in the alternative, a money judgment for $3,991.01 alleged to be the value of such undivided interest. She alleged that appellee, pursuant to the division of community property upon divorce and pursuant to the support of their minor child, "agreed to assign to Mrs. Lester Dawson any and all property to which defendant may have an interest in Nacogdoches County, Texas, including that property which he may receive from inheritance from Mrs. Ida Dawson." She acknowledged the execution of the deed and the court's prior action with respect to the clause in question. Appellee in his answer filed a general denial, plead the ten-year statute of limitations, and further plead

that the judgment in Cause No. 15,200–72–7, between the same parties relating to the same subject matter, was still in force and effect, not reversed or void, and that such judgment was a bar by res judicata of or to the present suit.

The trial court heard the case without a jury, and on September 27, 1976, rendered judgment that appellant take nothing. We affirm.

Appellant brings one point of error contending that "The trial court erred in failing to enforce the agreement between appellant and appellee wherein appellee agreed to convey any interest which he might inherit in a certain tract of land located in Nacogdoches County, Texas, as part of a property settlement and consideration of child support entered in a divorce decree between appellant and appellee." Appellant argues that there was an agreement dividing their property rights and setting child support, and that the agreement was that she would receive any real property located in Nacogdoches County that appellee would inherit from his father or his mother.

No findings of fact or conclusions of law were requested or filed. A statement of facts has been brought forward with the record.

Appellant asserted in her original petition "that this suit is brought for correction deed," but in her prayer she asked for judgment for title to the undivided interest in real estate inherited by appellee, or, alternatively, a money judgment. On appeal, however, appellant contends and argues that the trial court erred by failing to enforce an agreement by appellee to convey any interest in land he might inherit from either of his parents, and that such agreement was a part of a property settlement and child support in their divorce decree. As pointed out, the trial court in the divorce case found that the parties "have divided their community property by agreement, and the Court makes no adjudication thereof."

Where findings of fact and conclusions of law were not requested or filed, the judgment of the trial court should be affirmed if it can be upheld on any legal theory that finds support in the evidence, *Bishop v. Bishop*, 359 S.W.2d 869, 871 (Tex. 1962), and we must presume on appeal that every fact issue and such implied findings as were necessary to support the judgment were found by the trial court. *Morris v. Texas Elk's Crippled Children's Hosp., Inc.*, 525 S.W.2d 874, 881 (Tex.Civ.App.-El Paso 1975, writ ref'd n. r. e.). Where the trial judge is the trier of fact he may draw reasonable inferences and deductions from the evidence, and his findings, including implied findings, may not be disregarded by an appellate court if the record discloses evidence of probative value which, with inferences that may be properly drawn from the evidence, will reasonably support such findings. *Johnson v. Buck*, 540 S.W.2d 393, 411 (Tex.Civ.App.-Corpus Christi 1976, writ ref'd n. r. e.).

The record reveals that there is an existing final judgment rendered upon the merits by a court of competent jurisdiction between the same parties on the same question of the validity of a clause in the deed from appellee to appellant dated June 18, 1956. We believe the previous judgment is conclusive of the rights of the parties in any other action on the points at issue in the first suit, and the rule of res judicata in Texas bars litigation of all issues connected with a cause of action or defense which diligently might have been tried in a former action as well as those actually tried. *Russell v. Moeling*, 526 S.W.2d 533, 536 (Tex. 1975); *Abbott Laboratories v. Gravis*, 470 S.W.2d 639, 642 (Tex.1971). In our opinion the prior judgment constitutes a bar of res judicata to the present suit since the record reveals that the parties are the same, the issues are the same, and the prior suit resulted in a judgment for appellee who here pleads res judicata.

We also conclude that the implied findings of the trial court are supported by ample evidence of probative value. Appellant's point of error is overruled.

The judgment of the trial court is affirmed.