L. D. WILLIAMS, Individually and d/b/a Midnight Rider Texaco, Appellant,

v.

Don McSWAIN, Appellee.

No. 8377.

Court of Civil Appeals of Texas, Beaumont.

Jan. 31, 1980.

Rehearing Denied Feb. 28, 1980.

Robert L. McCallum, Dallas, for appellant.

Blair Dishman, Jr., Dallas, for appellee.

CLAYTON, Justice.

Appellee brought this action seeking damages under the Texas Deceptive Trade Practices Act, *Tex.Bus. & Com.Code Ann. § 17.41*, et seq. (Vernon Supp.1977). Appellant did not file an answer, and default judgment was granted awarding appellee

the sum of $6,750 (treble damages), plus attorney's fees.

Appellant was served with citation on December 20, 1978; appearance day was January 15, 1979. No answer having been filed, the court entered a default judgment on January 22, 1979. Appellant filed his motion to set aside default judgment on February 1, 1979, and amended the motion on February 20, 1979. The court, after a hearing, denied the motion, from which this direct appeal has been perfected.

Appellant set forth in his amended motion to set aside the default judgment that the reason for not filing an answer in this cause was that after he had been served with citation, he delivered the citation to one of his employees with instruction for him to deliver the citation to Donna J. Harris, an attorney, so that an answer would be filed. He later inquired of his employee whether he had so delivered the citation and was advised by the employee that the citation had been delivered, but in truth and in fact the employee had not delivered the citation as directed. In addition to the reason for failure to answer, appellant, in his motion, set forth a meritorious defense to appellee's cause of action and that to grant a new trial would not "injure Plaintiff or cause unreasonable delay . . ."; appellant was willing to pay expenses and court costs by reason of the default judgment.

■ Appellant had the burden of pleading and proving, inter alia, that his failure to answer was not intentional or the result of conscious indifference on his part, but was due to a mistake or accident. *Craddock v. Sunshine Bus Lines*, 134 Tex. 388, 133 S.W.2d 124 (1939); *Parker v. Gant*, 568 S.W.2d 163 (Tex.Civ.App.—Dallas 1978, writ ref'd n. r. e.).

Appellant testified that when citation was served upon him, he called Donna Harris, an attorney, and she came to his place of business and picked up the papers. Subsequently, he and Harris had a disagreement, and Harris returned the papers to appellant. Harris advised appellant as to the date upon which an answer was to be filed. Appellant did nothing about this until appearance day at which time he called appellee's attorney, Dishman, and asked for a "couple of days" to find someone to handle the case. Dishman agreed to this. Appellant stated that he had talked to another attorney, Ballard. He did not ask Ballard to represent him but merely to "look at the papers and advise me which is the best way to go." He then gave the papers (on the same day) to his employee, Silvers, to deliver the papers to Harris. Silvers "skipped" and never returned to his place of employment, and appellant never saw or talked with him following this incident. He later determined that Harris did not receive the papers. (He does not say when this was determined.) His next contact with Harris was when he received a copy of the default judgment. Harris refused to represent him in a trial with reference to setting aside the default judgment.

Appellant's testimony clearly shows that neither Harris nor Ballard was retained as counsel for appellant before or after appearance day. He knew the day upon which he had to file an answer. He knew that on appearance day and prior thereto he had not retained counsel to represent him. After he requested his employee to deliver the papers to Harris after appearance day, he did not even call Harris to determine if she had received the papers and whether or not she would represent him. His last contact with her resulted in Harris' refusal to represent him. He testified that all his dealings with Harris and Ballard occurred before the "twenty days [were] up." However, he also testified that the conversation with both attorneys occurred on the day he talked to appellee's attorney which was on appearance day. Appellant's testimony was vague and conflicting in many respects.

■ In denying the motion to set aside the default judgment, the trial court necessarily found that the failure to file an answer was due to a conscious indifference on the part of appellant. This is necessarily true because all the other elements of proof, such as meritorious defense, were conceded by appellee to have been set forth. This

was a non-jury case, and no findings of fact were made by the court with reference to the reasons for failure to file an answer; therefore, the court's judgment "must be viewed as impliedly finding all necessary facts in support of its judgment." *Buchanan v. Byrd*, 519 S.W.2d 841, 842 (Tex.1975). Every issue raised by the evidence must be resolved in favor of the trial court's judgment. *Coker v. Harris*, 281 S.W.2d 100 (Tex.Civ.App.—Dallas 1955, writ ref'd n. r. e.). The trial court is the judge of the credibility of the witnesses and the weight to be given their testimony. The court may draw any reasonable inferences from the evidence, and any doubts as to the facts will be resolved in favor of the judgment. *Williams v. Royal American Chinchilla, Inc.*, 560 S.W.2d 479 (Tex.Civ.App.—Beaumont 1977, writ ref'd n. r. e.).

■ We are of the opinion from our view of the record that appellant did not discharge the burden imposed upon him under the rule announced in *Craddock v. Sunshine Bus Lines*, supra.

The remaining points urged by appellant are directed to his appeal from the judgment. The evidence upon which the default judgment was granted reflects that appellant operates a Texaco Service Station and does general automobile repair work. Appellee took his 1969 Corvette to appellant to have "my engine to be rebored and rebuilt and put back in my car." Appellee agreed to do this. The engine was a high performance Corvette engine. Appellant, without the knowledge or consent of appellee, took this engine out of appellee's car and replaced it with another engine which was "something less than [the engine I] had." Appellant took the high performance engine out of appellee's car and put the same in appellant's wrecker truck. Appellee paid the sum of $873.21 for these repairs. The difference in the market value of the Corvette before taking it to appellant and after the car had been returned to him was $1,500. While the car was in appellant's possession "some kind of acid [was spilled] all over the car, and [the paint was] scratched on the hood." Appellee had an estimate prepared showing the cost to repaint the car to be $750. The trial judge trebled both items of damage and entered judgment for $6,750.

■ By his ninth and tenth points, appellant challenges, by "no evidence" and against the greater weight and preponderance of the evidence, the finding of the court that appellant's action in replacing the high-performance engine with a stock engine constituted a false, misleading, or deceptive act or practice under the Deceptive Trade Practices Act. Under the facts as recited above, the trial court correctly held the same to constitute a false, misleading, or deceptive act of practice. There was some evidence of probative value to support such a finding. There being no evidence to the contrary, the evidence of same is not against the great weight and preponderance of the evidence. These points are overruled.

■ Appellant next complains of the finding by the court that the act of damaging the paint on the automobile was a false, misleading or deceptive act under the Texas Deceptive Trade Practices Act. We agree. The pleadings of appellee do not attempt to show the actions of appellant, with reference to the paint damages, were a deceptive act in violation of the Texas Deceptive Trade Practices Act. Damages for such actions were sought upon an allegation that such damages were incurred "through the negligence of the Defendant. . . ." Moreover, the cost of $750 for repainting the automobile was erroneously awarded in the judgment. The trial court in assessing damages trebled this $750 damage item. The only evidence introduced in the hearing upon the default judgment with reference to this $750 cost item was given by appellee in the following manner:

"Q. Have you had an estimate prepared as to how much it will cost to repaint that automobile?

"A. Yes, sir. Seven hundred and fifty dollars."

The above is the only testimony given as to the cost of repainting. An estimate is

**586**

nothing more than pure hearsay. Whether admitted over or without objection, it is incompetent and without probative force, and should be disregarded by the trial court and will not support a verdict by a jury nor a finding of fact by a court, nor can it be considered by or form the basis of a finding of fact in an appellate court. *Knapik v. Edison Bros., Inc.,* 313 S.W.2d 335 (Tex.Civ. App.—Waco 1958, writ ref'd). See *Aetna Insurance Company v. Klein,* 160 Tex. 61, 325 S.W.2d 376 (1959); *Perkins v. Springstun,* 557 S.W.2d 343, 345 (Tex.Civ.App.— Austin 1977, writ ref'd n. r. e.). There being no competent testimony as to the cost of repainting, the award of $750 for such cost is erroneously included in the judgment and cannot be allowed to stand.

The remaining points sixteen, seventeen, eighteen, and nineteen attack the constitutionality of the Texas Deceptive Trade Practices Act. Since no answer was filed, it is obvious that this defense was not plead, and, in the amended motion to set aside the default judgment and to grant a new trial, this defense was not plead. It is well settled that the unconstitutionality of a statute is an affirmative defense which must be plead. *Mobile America Sales Corp. v. Rivers,* 556 S.W.2d 378 (Tex.Civ.App.—San Antonio 1977, writ ref'd n. r. e.); *Houston Chronicle Publishing Co. v. City of Houston,* 531 S.W.2d 177 [Tex.Civ.App.—Houston (14th Dist.) 1975, writ ref'd n. r. e. per curiam, 536 S.W.2d 559 (Tex.1976)]. There being no pleading of this affirmative defense, these points are overruled.

The judgment of the trial court is reformed so as to award damages in the sum of $4,500 and, as reformed, is affirmed.

AFFIRMED.