Andrew R. WHITAKER, Appellant,

v.

William T. VASTINE, Charles G. Whitaker, and Bag 'N Baggage, Inc., Appellees.

No. 20215.

Court of Civil Appeals of Texas, Dallas.

April 7, 1980.

Rehearing Denied June 2, 1980.

Pat Reed, Dallas, for appellant.

Steven B. Strange, G. Dennis Sullivan, Woodburn, Sullivan & Hayslett, Dallas, for appellees.

Before ROBERTSON, CARVER and HUMPHREYS, JJ.

ROBERTSON, Justice.

Appellant, Andrew R. Whitaker, filed suit for injunctive relief and rescission of an agreement executed in 1979 concerning the sale of the corporation Bag 'N Baggage, Inc., of which William T. Vastine, Charles G. Whitaker, and appellant are the only stockholders with voting interests. In the alternative, appellant sought to have certain stock certificates, which had been issued to Charles Whitaker and William Vastine, cancelled or reissued in proportions as set out in a contract executed in 1978. One of the appellees, William T. Vastine, counterclaimed for specific performance of an agreement which concerned a sale of certain stock of the corporation. After trial to the court, all relief requested by appellant was denied and Vastine's counterclaim was dismissed without prejudice. On this appeal appellant does not urge his claims for injunctive relief and rescission, but he complains of the trial court's failure to grant him the alternative relief he requested and the trial court's dismissal without prejudice of Vastine's counterclaim. We reverse and render judgment that the issuance of the stock certificates was unauthorized and that Vastine take nothing in regard to his counterclaim.

In January of 1978 the individual parties to this suit, who owned the majority of stock in Bag 'N Baggage, Inc., in the following percentages: appellant 51%, Vastine 25%, and Charles Whitaker 24%, executed a contract establishing that any future acquisition by them of stock of the corporation should be made in the following percentages: appellant 49%, Vastine 25.5%, and Charles Whitaker 25.5%. Supposedly pursuant to this agreement, stock certificates 30 and 31 were issued by the corporation in the fall of 1978 to Vastine and Charles Whitaker, respectively, representing sufficient shares of stock to bring the percentage ownership between the three individual parties in line with the percentages outlined in this contract. This action apparently started a disagreement between the parties to the contract concerning its interpretation. Appellant argued that the percentages provided in the contract related only to the ownership ratio of thereafter acquired stock. Appellees, on the other hand, argued that the contractual percentages were also intended to establish the ratio in which these individuals would own the corporation, and consequently, the issuance of stock certificates 30 and 31 was necessary to realign the respective ownership percentages.

Whether due to this difference of opinion or other problems, the parties apparently were unable to amicably operate the business, and thus in January of 1979, they executed an agreement between themselves to attempt to sell the corporation. That agreement also provided that if the sale should not be completed, appellant and Vastine were to have alternative opportunities to buy out the others interest in the corporation. Shortly thereafter, this suit was instituted to settle the disagreement regarding the 1978 contract. Since the sale of the corporation under the 1979 sale/buyout agreement was not completed, Vastine counterclaimed for his right under that agreement to purchase the stock of appellant. A temporary injunction was entered to protect the status quo pending the outcome of the suit.

## I. PROCEDURAL APPELLATE POINTS

■ Appellees first raise two procedural challenges to this appeal which we must address before reaching appellant's points of error. First, it is argued that appellant's points of error fail to comply with rule 418 of the Texas Rules of Civil Procedure in that they do not specify the error of which complaint is made.[1] Rule 418 requires that

---

1. Appellant's points of error are as follows:
   *POINT OF ERROR # I.*
   The trial court erred in dismissing, without prejudice to refiling same, the counterclaim of counter-plaintiff, William T. Vastine, wherein he sought specific performance of a contract for the purchase of the capital shares of Bag 'N Baggage, Inc., belonging to appellant.

the "statement of the points upon which the appeal is predicated shall be stated in short form." While the better practice is to include in the point of error a brief explanation of why the action in question was error, we will consider and give effect to a point if such an explanation can reasonably be ascertained from the statement and the argument following the point of error. *Rio Delta Land Co. v. Johnson*, 566 S.W.2d 710, 713 (Tex.Civ.App.—Corpus Christi 1978, writ ref'd n. r. e.); *see Stone v. Enstam*, 541 S.W.2d 473, 476–77 (Tex.Civ.App.—Dallas 1976, no writ). Because we have been able to ascertain such an explanation from appellant's brief, we find that appellant's points of error are in compliance with rule 418.

Appellee's second procedural point is that appellant's points of error are not proper because neither of them was brought to the attention of the trial court by a motion for new trial, and consequently, appellant waived any error. *See Williams v. Williams*, 537 S.W.2d 107, 109 (Tex.Civ.App.—Tyler 1976, writ ref'd n. r. e.). Under rule 324 of the Texas Rules of Civil Procedure, presentation of alleged error in a motion for new trial is no longer a prerequisite to an appeal of that alleged error, *if it has otherwise been ruled on by the trial court* or if presentment for the first time on appeal is specifically provided by the rules. Appellant contends that his motion for corrected judgment presented to the trial court both of the matters on which he appeals and that the trial court acted thereon.

Appellant's motion for corrected judgment first pointed out to the court that appellant had pleaded that either the two stock certificates in question be declared void or they be reissued in a proper proportion, and that the trial court had not granted this relief. In its final judgment, the trial court denied this relief and it is from this allegedly erroneous action that appel-

POINT OF ERROR # II.
The trial court erred in denying plaintiff the alternative relief he sought when he asked that stock certificates numbers 30 and 31 issued by the appellee, Bag 'N Baggage, Inc., to William T. Vastine and Charles G. Whitaker, be either:

lant appeals in his second point of error. The second point in appellant's motion for corrected judgment was that appellee Vastine had requested specific performance of the 1979 contract "and that no action was entered by this Court indicating the awarding or denial of such request for specific performance." In its final judgment, the trial court ruled on this matter by dismissing without prejudice Vastine's counterclaim for specific performance, and it is from this allegedly erroneous action that appellant appeals in his first point of error.

■ Appellees Charles Whitaker and the corporation refer to both points of error, while appellee Vastine refers only to the first, in their contentions that the points raised on appeal were not ruled on by the trial court. They argue that the motion for corrected judgment merely requested a ruling without specifying how the court should rule; appellant's points of error, on the other hand, do not complain of the trial court's failure to enter rulings, but rather complain of what those rulings were. Appellees contend, therefore, that while the trial court had an opportunity to rule on the requests in appellant's motion for corrected judgment, it did not have an opportunity to rule on whether those decisions were correct. Because the appellant never complained of these latter decisions, appellee contends that they may not form the basis of appellate points of error. *See id.* at 109; *Marek v. Baylor County*, 430 S.W.2d 220, 222 (Tex.Civ.App.—Eastland 1968, writ ref'd n. r. e.). We cannot agree. We conclude that the motion for corrected judgment sufficiently apprised the trial court of the alleged errors and gave it an opportunity to rule on the matter which appellant is raising in his points of error. Accordingly, we overrule appellee's procedural challenges to appellant's points of error.

(1) cancelled and held for naught, or;
(2) reissued in proportion to the contract between the parties dated January 30, 1978, relative to the total proportionate stock interest and control between the three parties.

## II. SUBSTANTIVE APPELLATE POINTS

■ Appellant's first point of error challenges the action of the trial court in dismissing without prejudice appellee Vastine's counterclaim. After both sides had an opportunity to introduce all of their evidence, all parties indicated that they rested, and the trial court proceeded to enter judgment. As indicated above, appellant by his motion for corrected judgment indicated that the trial court had failed to rule on appellee Vastine's claim for specific performance of the sale/buy-out agreement and requested that a ruling be entered. Subsequently, the trial court entered judgment that Vastine's counterclaim be dismissed *without prejudice.* Appellant argues that the trial court lacked authority to grant that relief. Vastine counters that a trial court has discretion in managing its docket and may dismiss cases on its own motion. We agree that in certain circumstances a trial court may dismiss a case on its own motion. Tex.R.Civ.P. 165a (lack of prosecution); *id.* 143 (failure to comply with ruling for costs); *see Schenker v. City of San Antonio,* 369 S.W.2d 626, 630 (Tex.Civ. App.—San Antonio 1963, writ ref'd n. r. e.) (lack of jurisdiction). Nonetheless, when a case has been fully tried, both sides have rested, and neither party has asked for a nonsuit of part or all of their claims, it is the duty of the trial court to decide all of the claims properly before it. *Treadaway v. Hodges,* 125 S.W.2d 385, 388 (Tex.Civ. App.—Amarillo 1939, no writ); *State ex rel. Sutherland v. Pease,* 147 S.W. 649, 650 (Tex. Civ.App.—San Antonio 1912, no writ).

■ Vastine argues that the trial court properly dismissed the action in the interest of justice because the trial court had entered a temporary injunction prohibiting the parties from changing their positions and this prevented Vastine from performing his part of the sale/buy-out agreement so that he would be entitled to specific performance. Assuming, without deciding, that the temporary injunction did have this effect, it does not excuse Vastine's failure to request a nonsuit before resting his case.

*See* Tex.R.Civ.P. 164. Vastine also argues that the injunction had the direct effect of prohibiting him from proving his cause of action for specific performance as this would be an attempt to change his position in contravention of the injunction. We do not agree that the injunction had this effect, but even if it did, that would constitute an even more compelling reason for Vastine to move for a nonsuit as to his cause of action for specific performance. Finally, Vastine contends that if the trial court had not dismissed without prejudice, he "would not be afforded his day in court" on his counterclaim. By failing to seek a nonsuit, and by proceeding to trial, however, Vastine chose his day in court. Affirming the trial court's action would afford him two days in court for the same cause of action. Consequently, we sustain appellant's first point of error. We have been pointed to no evidence in the record in support of Vastine's action for specific performance and thus, are unable to pass on his interpretation of the sale/buy-out agreement. Accordingly, in rendering the judgment that the trial court should have rendered, Tex.R.Civ.P. 434, we order that appellee Vastine take nothing by his counterclaim for specific performance of the sale/buy-out agreement.

Appellant's second point of error complains of the trial court's failure to enter judgment that the stock certificates issued to appellees in the fall of 1978 either be cancelled or be reissued in the proportions provided in the 1978 contract as appellant interprets those provisions. Appellant contends that this failure was an abuse of discretion. Thus, if we find that some evidence exists in support of the trial court's action, we must affirm. *Davis v. Huey,* 571 S.W.2d 859, 862 (Tex.1978). We note that no findings of fact or conclusions of law are included in the record, and thus we must affirm the judgment if it can be upheld on any theory raised by the pleadings and supported by the evidence. *Id.* at 862.

■ Appellant argues that the certificates in question were issued without authorization from the corporation's board of

directors and before the consideration therefor was fully paid, both in violation of the corporation's by-laws and the laws of the State of Texas. *See* Tex.Const. art. XII, § 6; Tex.Rev.Civ.Stat.Ann. art. 1353 (Vernon 1962). Regarding the board of directors' authorization, appellant relies on the corporation's by-laws, which provide in article 4, section 7, that "the issuance of [certificates for shares of stock of the corporation] shall have been authorized by resolution of the Board of Directors . . ." Appellee counters that testimony exists to the effect that a majority of the directors would have agreed to authorize issuance of the certificates, although no formal meeting of the board was ever had and no formal resolution was ever made or voted on. When the shareholders of a corporation vest power in a board of directors, issuance of stock can only be authorized at a valid meeting of the board, regularly called. *See American Bank & Trust Co. v. Freeman,* 560 S.W.2d 444, 446 (Tex.Civ.App.—Beaumont 1977, writ ref'd n. r. e.); *Curtis v. Pipelife Corp.,* 370 S.W.2d 764, 767 (Tex.Civ. App.—Eastland 1963, no writ); *Nicholstone City Co. v. Smalley,* 51 S.W. 527, 529 (Tex. Civ.App.—1899, no writ); 11 W. Fletcher, Cyclopedia of the Law of Corporations §§ 5155 & 5156 (rev. perm. ed. 1971). No other legal theory has been suggested to support the issuance of these certificates. We must conclude, therefore, that issuance of stock certificates 30 and 31 was not authorized and that the trial court erred in failing to order them cancelled. Since we have concluded that these certificates were not properly issued and therefore grant appellant his requested relief, we need not address appellant's claim for reissuance of the certificates in accordance with his interpretation of the 1978 contract. Although appellant's brief indicates that this claim is alternative to his request for cancellation, appellant's petition to the trial court shows that the claim is conditioned upon negative findings by the court on the cancellation request. Appellant's second point of error is sustained.

Accordingly, we reverse and render judgment that appellee Vastine take nothing by his counterclaim for specific performance of the sale/buy-out agreement, that stock certificates 30 and 31, issued by Bag 'N Baggage, Inc., to appellees Vastine and Charles Whitaker, are declared void, and that the board of directors of Bag 'N Baggage, Inc., is directed to record in the books of the corporation the cancellation of the shares represented by stock certificates 30 and 31, and the return of the consideration received for those shares.

