**Pamela HARRIS**

v.

**THOMPSON BUICK, G.M.A.C., INC.**

**No. 1360.**

Court of Civil Appeals of Texas, Tyler.

May 22, 1980.

Rehearing Denied July 17, 1980.

Anthony F. Constant, Corpus Christi, for appellant.

Wallace W. Canales, Alice, for appellee.

McKAY, Justice.

On June 16, 1976, appellee Thompson Buick, G.M.A.C., Inc., sold a new automobile to appellant Pamela Harris. The automobile was financed by a standard retail installment contract. Subsequently, the appellant defaulted on the payments and demand for the full amount owed was made by appellee. When payment was not made, appellee repossessed and sold the automobile.

On February 10, 1978 appellee filed suit to recover the deficiency. On February 20, 1979—some fifteen days before trial—appellant filed a counterclaim alleging that appellee had violated the Federal Truth-In-Lending Act, Regulation "Z", and the Texas usury statutes. On March 7, 1979, appellee filed a "Motion On Special Appearance To Object To Jurisdiction Of Court" based on Rule 120a of the Texas Rules of Civil Procedure which alleged that the court should dismiss the cross-action for want of jurisdiction because appellee had not been served with process. The trial court did not act upon this motion. On March 8, 1979, the cause was heard on the merits and the trial court rendered judgment for the appellee for the amount of the deficiency in the payments. Appellant perfected this appeal bringing eight points of error.

We affirm.

Appellant's first four points of error contend that the trial court erred in sustaining appellee's motion for special appearance under Rule 120a, T.R.C.P., which objected to the jurisdiction of the court. We find no merit in these contentions and they are overruled. An examination of the record reveals that there is nothing to show that the trial court made any ruling whatsoever on appellee's motion. There is no mention of appellee's motion to the jurisdiction in the statement of facts; it was not urged by appellee and apparently abandoned.

In order to raise a question in an appellate court, the general rule is that the record must not only show that the appellant requested relief in the trial court but that the trial court made an adverse ruling thereon. *Williams v. Williams*, 537 S.W.2d 107, 109 (Tex.Civ.App.—Tyler 1976, no writ); *Marek v. Baylor County*, 430 S.W.2d 220, 222 (Tex.Civ.App.—Eastland 1968, writ ref'd n. r. e.). A motion not acted upon furnishes no basis for a point of error. *Fulcher v. Texas State Board of Public Accountancy*, 571 S.W.2d 366, 368 (Tex.Civ.

App.—Corpus Christi 1978, writ ref'd n. r. e.); *Williams v. Williams,* supra; *Ladd v. Knowles,* 505 S.W.2d 662, 668 (Tex.Civ.App.—Amarillo 1974, writ ref'd n. r. e.). Appellant failed to pursue and to receive a trial court determination of the issue. Therefore, since the record does not show that the trial court ruled on or in any way acted upon appellee's motion, we cannot consider these points.

In appellant's points of error five through eight she contends that the trial court erred in refusing to consider her counterclaim. We overrule these points.

Appellant contends that her counterclaim was timely filed and appellee claimed no surprise; that appellee waived service when it proceeded to trial with knowledge of appellant's counterclaim; that appellee failed to comply with Art. 9.504(c), Texas Business and Commerce Code; and the trial court erred by failing to *enter* judgment for appellant on the counterclaim for usury.

At the beginning of the trial the following exchange was had:

The court: This case was filed in February of 1978.

Mr. Constant: (Attorney for appellant) Yes, sir.

The court: You filed a cross-action in February of 1979. I think that's a little late. Let's proceed with the case.

Mr. Canales: Thank you, your Honor.

Mr. Constant: Your Honor, will the cross-action be heard another time?

The court: That's up to you. You can just file a new suit, if you need to.

It is noted that the trial court made the statement with reference to the filing of the counterclaim: "I think that's a little late. Let's proceed with the case." If the statement of the trial court could be interpreted as a ruling that appellant's counterclaim could not or would not be heard, appellant made no objection nor exception to such ruling.

 It is also noted that appellant testified she did not receive notice of the sale of the automobile; however, appellee's attorney testified and introduced exhibits that he mailed a notice by certified mail with return receipt to appellant at her last known address, advising her that a private sale of the automobile had been made and the amount of the deficiency owing after such sale. Such notice was returned undelivered. The record reflects that appellant did not offer any proof showing that she sustained any loss of damage because of failure to receive proper notice of the sale. No economic loss is shown to have been suffered, and we hold appellant failed to discharge her burden. Bundrick v. First National Bank of Jacksonville, 570 S.W.2d 12 (Tex.Civ.App.–Tyler 1978, writ ref'd n. r. e.).

While the appellant argues that the trial court erred in failing to consider her counterclaim, the record does not show that appellant excepted to the court's action or otherwise called the attention of the trial court to the alleged error of which she complains on appeal. It is well settled that points of error not raised in the trial court cannot be considered for the first time on appeal. *Rankin v. Carpenter,* 568 S.W.2d 198, 201 (Tex.Civ.App.—Tyler 1978, no writ); *Williams v. Williams,* supra; *McDuff v. Howard,* 430 S.W.2d 953, 956 (Tex.Civ.App.—Amarillo 1968, writ ref'd n. r. e.); *Morgan v. Morgan,* 406 S.W.2d 347, 351 (Tex.Civ.App.—San Antonio 1966, no writ). Therefore, since the appellant failed to except to the trial court's action, we cannot consider these points. See *Smith v. Davis,* 453 S.W.2d 340, 348 (Tex.Civ.App.—Fort Worth 1970, writ ref'd n. r. e.); 3 Tex. Jur.2d Appeal & Error § 103 at 438–9.

The judgment of the trial court is affirmed.