The STATE of Texas, Appellant,

v.

Joyce Ann DIKES (Three Thousand Forty-One Dollars Lawful Money of the United States of America) Appellee.

No. 16666.

Court of Appeals of Texas, San Antonio.

Nov. 4, 1981.

Bernie Martinez, San Antonio, for appellant.

Robert A. Schulman, Schulman, Walheim & Beck, Inc., San Antonio, for appellee.

Before ESQUIVEL, BUTTS and CANTU, JJ.

## OPINION

CANTU, Justice.

This is an appeal from a forfeiture proceeding brought under the Texas Controlled Substances Act.[1] We affirm the judgment of the trial court.

The State brought suit against Three Thousand Forty-One Dollars in lawful U. S. currency claimed by Joyce Dikes and the law firm of Schulman, Walheim & Beck, Inc. The State alleged that the money was illegally obtained by Joyce Dikes through the sale of controlled substances. The law

---

1. Tex.Rev.Civ.Stat.Ann. art. 4476–15 (Supp. 1979).

firm of Schulman, Walheim & Beck, Inc. intervened in the suit, asserting that the money the State was claiming had already been assigned to them by Ms. Dikes for past services rendered and to be rendered. At the time of the assignment, the law firm claimed to have no knowledge that the money was the subject of any forfeiture proceeding.

In a trial to the Court, the State's only witness was the arresting officer, Deputy Sheriff Herschel Keene, who testified that while riding to the jail Ms. Dikes admitted that she had raised the money by selling drugs. The intervenors cross-examined this witness and extracted conflicting testimony from him. After the State rested its case the intervenors asked for a verdict in favor of the money but failed to secure a ruling. Intervenors elicited further testimony establishing their right to the money.

Judgment was rendered for the defendant and awarding the money to the intervenors. The State appeals upon two points of error.[2] We find it necessary to address only the first point since our finding upon this point renders a ruling on the second point unnecessary.

■■■ The State asserts that at the close of their evidence, the defendant made what in effect amounted to a motion for a directed verdict. It alleges that the trial court erred in granting defendant's motion for directed verdict in that the evidence was sufficient to raise a fact issue. We find no merit to this contention and it is overruled. An examination of the record reveals that there was never a motion for directed verdict made or a ruling by the court on such a motion. In order to raise a question in an appellate court, the general rule is that the record must not only disclose that certain relief was requested but that the trial court made an adverse ruling thereon. *Harris v. Thompson Buick, G. M. A. C., Inc.*, 601 S.W.2d 757, 758 (Tex.Civ.App.—Tyler 1980,

no writ). A motion not acted upon furnishes no basis for a point of error. *Harris v. Thompson Buick, G. M. A. C., Inc., supra; Fulcher v. Texas State Board of Public Accountancy*, 571 S.W.2d 366, 368 (Tex.Civ. App.—Corpus Christi 1978, writ ref'd n.r.e.). Therefore, since the record does not show that a motion for a directed verdict was made or that the trial court ruled on such a motion, we cannot consider this point.

We doubt the validity of such a motion, even if made, in a trial before the court. The proper motion in a trial before the court would be for judgment at the close of plaintiff's evidence. In such event the court must apply the same rules which would determine the propriety of instructing a jury to return a verdict. *Allen v. Nesmith*, 525 S.W.2d 943, 945 (Tex.Civ.App. —Houston [1st Dist.]) *writ ref'd n.r.e. per curiam*, 531 S.W.2d 330 (Tex.1975), appeal after remand, *Gasaway v. Nesmith*, 548 S.W.2d 457 (Tex.Civ.App.—Houston [1st Dist.] 1977, writ ref'd n.r.e.). But again, such a motion would have to be acted upon before it could furnish the basis for a point of error on appeal. The record does reveal that defendant orally requested a judgment in favor of the money after the State rested its case. However, no action was taken by the court and defendant proceeded to put on his case, after which the court rendered judgment.

■■■ Where a cause is submitted to the court without a jury, the trial judge acts as the trier of facts and stands in the same position as a jury, being the sole judge of the credibility of the witnesses and the weight to be given their testimony. *Williams v. McSwain*, 596 S.W.2d 583 (Tex.Civ. App.—Beaumont 1980, no writ). Where no findings of fact are made by the court, the court's judgment must be viewed as impliedly finding all necessary facts in support of its judgment. *Buchanan v. Byrd*, 519

---

2. I. The trial court erred in granting defendant's motion for directed verdict in that plaintiff's evidence was sufficient to raise a fact issue.

   II. The trial court erred in awarding the Three Thousand Forty-One Dollars ($3,041.00) to the intervenors in that the intervenors failed to establish a bona fide security interest in the proceeds prior to their seizure.

S.W.2d 841, 842 (Tex.1975). Every issue raised by the evidence must be resolved in favor of the trial court's judgment. *Williams v. McSwain, supra.* Since this case was submitted to the court, and there were no findings of fact requested or filed, the court's judgment must be affirmed if supported by any legal theory reasonably supported by the evidence. *Dawson v. Dawson,* 554 S.W.2d 39, 44 (Tex.Civ.App.—Tyler 1977, no writ).

 A forfeiture proceeding, though civil in rem in nature, requires the State to prove beyond a reasonable doubt that the property is subject to forfeiture. *Cardenas v. State,* 583 S.W.2d 825, 826 (Tex.Civ.App. —Houston [14th Dist.] 1979, writ ref'd n.r. e.); Texas Controlled Substances Act, Tex. Civ.Stat.Ann. art. 4476–15, § 5.07(d). Plaintiff and defendant each presented testimony of one interested witness. The trial court was acting as the sole judge of the credibility of the witnesses and the weight to be given their testimony. From the evidence adduced at trial, the trial judge could have reasonably concluded that the State had not met its burden in producing evidence the certainty of which excluded every reasonable doubt. Therefore, we must sustain the judgment.

Since in the absence of findings of fact and conclusions of law we must presume findings in support of the trial court's judgment on the issue of "reasonable doubt", we are constrained to find that the trial court did not commit error in holding against the State. We, therefore, need not address the issue of the failure of the intervenors to establish a bona fide security interest in the money since this issue becomes pertinent only upon a holding that the property is subject to forfeiture.[3]

 By cross-point, intervenors have encouraged this court to assess a penalty, not to exceed ten percent (10%) of the original judgment, as additional damages pursuant to Rules 435 and 438, Tex.R.Civ.P. The intervenors argue that this is a frivolous appeal taken solely for the purposes of delay. They further assert that the State misstates the facts and applies erroneous law. However, while we agree with the intervenors that the strength of the appeal is questionable so far as its legal merit is concerned, we are not in possession of sufficient evidence to convince us that the appeal was taken only for the purposes of delay or that it amounts to a totally frivolous appeal. The reviewing court is required to inspect the entire record and notice any errors, whether assigned or not, and assess damages only in the event the court concludes from the whole record that the appeal was not taken in good faith, but for delay only. *Ives v. Webb,* 543 S.W.2d 907, 911 (Tex.Civ.App.—Corpus Christi 1976, no writ). Upon the record as presented, we decline to sustain intervenor's cross-point.

The judgment of the trial court is affirmed.

---

3. Tex.Civ.Stat.Ann. art. 4476–15, § 5.07(c)(d):

(c) At the hearing any claimant of any right, title, or interest in the property may prove his lien, security interest, or other interest in the nature of a security interest, to be bona fide and created without knowledge or consent that the property was to be used so as to cause the property to be subject to forfeiture.

(d) If it is found beyond a reasonable doubt that the property is subject to forfeiture, then the judge shall upon motion forfeit the property to the state or an agency of the state or to a political subdivision of the state authorized by law to employ peace officers. However, if proof at the hearing discloses that the interest of any bona fide lienholder, secured party, or other person holding an interest in the property in the nature of a security interest is greater than or equal to the present value of the property, the court shall order the property released to him. If such interest is less than the present value of the property and if the proof shows beyond a reasonable doubt that the property is subject to forfeiture, the court shall order the property forfeited to the state or an agency of the state or to a political subdivision of the state authorized by law to employ peace officers.