The CITY OF JACKSONVILLE,
Texas, Appellant,

v.

HILL–TEX COMMUNICATIONS,
INC., Appellee.

No. 1342.

Court of Civil Appeals of Texas,
Tyler.

Feb. 26, 1981.

Rehearing Denied March 26, 1981.

Emerson Stone, Jr., Stone & Stone, Jacksonville, for appellant.

Don W. Kent, Potter, Guinn, Minton, Roberts & Ireland, Tyler, for appellee.

McKAY, Justice.

This appeal involves a zoning ordinance of the City of Jacksonville, Texas (City). Hill-Tex Communications, Inc. (Hill-Tex) filed suit against the City seeking an injunction prohibiting the City from interfering with its use of a metal tower constructed upon its property. City sought a summary judgment and a mandatory injunction to require Hill-Tex to remove the tower. The motion for summary judgment was denied and the cause was tried before a jury.

The jury found (1) that the tower was not in violation of Zone "B" of the Zoning Ordinance of the City; (2) that the City was selectively enforcing the Zoning Ordinance as it pertains to the tower in question; and (3) that such selective enforcement constituted a violation of due process of law as to Hill-Tex. Based upon the jury verdict the trial court rendered judgment that the metal tower was not in violation of the Zoning Ordinance of the City, and the City, its agents, servants and employees were enjoined from interfering with the use of the tower by Hill-Tex for the purpose of radio/telephone communications.

Because of the position of the parties by their pleadings at the time of trial, the trial court re-cast the parties, causing the City to become defendant and Hill-Tex plaintiff.

It was stipulated by the parties that (1) the City is a home-rule city; (2) the tower in question is within the corporate limits of City and has been at all material times; (3) the tract of land upon which the tower is located was zoned as Zone "B" in 1947 when the original Zoning Ordinance of the City was adopted; and (4) the tower was erected by Hill-Tex on or after August 1, 1977, and is a metal tower erected for the purpose of transmitting and receiving telephone communications.

The pertinent parts of the Zoning Ordinance applicable here are:

"In a 'B' District no building or land shall be used, and no building shall be hereafter erected or structurally altered which is arranged or designed to be used for other than one or more of the following uses:

Any use permitted in an 'A' District * * *

Water supply reservoirs, *towers* and artesian wells, gas and electric public utility regulation stations, but the size and location of said stations to be fixed by the City Commission. * * *" (Emphasis added).

A building permit for a metal tower was issued by the City's building and electrical inspector on August 1, 1977, and on the following day the tower was erected. The tower was constructed with triangular shaped steel sections 20 feet in length to an elevation of 180 feet with both UHF and VHF antennas on top. The tower rests on a 4' × 4' × 4' concrete foundation, is guyed by three wires, and is located near the center of a tract 270 feet square.

City brings this appeal on the grounds that the trial court erred in denying City's motion for judgment n. o. v. because (1) City was entitled to judgment as a matter of law inasmuch as the tower was in violation of Zone "B", (2) issue 1 was not a jury issue but was a question of law for the court, and (3) affirmative findings on issues 2 and 3 are not a defense to the enforcement of the zoning ordinance.

There is in the transcript a copy of a motion by the City for judgment n. o. v., but such motion does not bear a file mark of the clerk, nor does it otherwise appear that it was filed in the trial court. There is also in the transcript a copy of a letter from City's counsel to the trial judge containing citations and argument why the motion n. o. v. should be granted. The letter brief does not appear to have been filed in the trial court. Finally, appellant, with permission of the Court, has filed a supplemental transcript and after examination we find it does not indicate any affirmative action was taken by the court in overruling a motion for judgment n. o. v. The supplemental transcript contains only the announcement of the judgment in which the court stated that it "does not feel we should overturn the findings of the jury." There is no indication that a motion was ever presented to the court, and there is no order

specifically overruling such a motion. "A claim of error in ruling on a motion must be supported by a record that ... shows that it was presented to and acted on by the court below." 5 TEX.JUR.3d Appellate Review § 725, p. 602. The transcript must contain an order overruling a motion, otherwise the grounds in the motion are waived. *Hardy v. C.P.I. Sales, Inc.*, 511 S.W.2d 89, 93 (Tex.Civ.App.—Houston [1st Dist.] 1974, no writ). Thus, according to the record before us, City's motion for judgment n. o. v. was neither filed nor acted upon by the trial judge. It is well settled that points of error not raised in the trial court cannot be considered for the first time on appeal. *Williams v. Williams*, 537 S.W.2d 107, 109 (Tex.Civ.App.—Tyler 1976, no writ); 3 Tex. Jur.2d, Appeal and Error-Civil Cases, § 98, p. 422.

Assuming that the motion of the City was presented to the trial judge, in order for a question to be raised in an appellate court, the general rule is that the record must not only show that the appellant requested relief in the trial court but that the trial court made an adverse ruling thereon. *Harris v. Thompson Buick, G.M. A.C., Inc.*, 601 S.W.2d 757, 758 (Tex.Civ. App.—Tyler 1980, no writ); *Williams v. Williams*, supra; *Fulcher v. Texas State Board of Public Accountancy*, 571 S.W.2d 366, 368 (Tex.Civ.App.—Corpus Christi 1978, writ ref'd n. r. e.); *Ladd v. Knowles*, 505 S.W.2d 662, 668 (Tex.Civ.App.—Amarillo 1974, writ ref'd n. r. e.); *Marek v. Baylor County*, 430 S.W.2d 220, 222 (Tex.Civ.App. —Eastland 1968, writ ref'd n. r. e.). See also *Davis v. Molsen & Co., Inc.*, 545 S.W.2d 889, 892 (Tex.Civ.App.—Tyler 1976, no writ).

In the instant case the City failed to pursue its motion for judgment n. o. v. and to receive a trial court determination of the issue. Therefore, since the record does not show that the trial court acted upon the City's motion, we cannot consider the three points based entirely upon such motion.

Judgment of the trial court is affirmed.

SUMMERS, C. J., not sitting.