**JACK ROACH FORD, Appellant,**

v.

**Luisa A. DE URDANAVIA, Appellee.**

**No. A14–82–349CV.**

Court of Appeals of Texas,
Houston (14th Dist.).

Sept. 8, 1983.

H. Daniel Spain, Thompson & Associates, Houston, for appellant.

Daniel K. Trevino, Jr., Law Offices of Daniel K. Trevino, Jr., Lee Rosenthal, Baker & Botts, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and DRAUGHN and ELLIS, JJ.

J. CURTISS BROWN, Chief Justice.

Luisa A. De Urdanavia (Mrs. De Urdanavia or appellee) sued Jack Roach Ford (appellant) and Ford Motor Company under the Deceptive Trade Practices Act (DTPA) for damages sustained as a result of alleged breaches of express and implied warranties and alleged misrepresentations surrounding the purchase of an automobile from Jack Roach Ford. Judgment was entered that Mrs. De Urdanavia take nothing in her action against Ford Motor Company and that she recover $500.00 in actual damages in her action against Jack Roach Ford. Judgment was further entered that appellant recover from Jack Roach Ford attorney's fees in the amount of $28,500.00 for the trial and preparation of the cause, $5,000.00 in the event of an appeal to the court of appeals and $2,500.00 in the event of an appeal to the supreme court. Jack Roach Ford alone appeals from the judgment. In two points of error, Jack Roach Ford challenges the submission to the jury of special issues relating to the deteriorated condition of the car and to the difference between the market value of the car as represented to Mrs. De Urdanavia and as delivered to her and attacks the legal sufficiency of the evidence to support the jury's finding on the difference between the market value of the car as represented and as delivered. In three points of error, Jack Roach Ford urges the trial court erred in overruling its motion for remittitur and further charges the award of attorney's fees is excessive and against the great weight and preponderance of the evidence. We reform and affirm the judgment subject to remittitur.

The evidence at trial revealed that on February 18, 1978, Mrs. De Urdanavia purchased a 1978 Ford stationwagon from Jack Roach Ford. The car was represented to Mrs. De Urdanavia as new. At the time Mrs. De Urdanavia purchased the car, the car's odometer read "269." Additionally, the car's ashtrays were littered with cigarette butts. Mrs. De Urdanavia returned the car to Jack Roach Ford on several subsequent occasions, complaining of excessive oil consumption and "hard starting." There was also evidence she had complained that the car had a "rotten eggs" odor inside. Apparently dissatisfied with appellant's efforts at eliminating these problems, Mrs. De Urdanavia took the car to Jack Roach Ford on April 13, 1978, gave the keys to one of the owners of Jack Roach Ford (Thad Roach), and told Roach to "give [her] a new car as it should be or return [her] money." She then left appellant's premises without the car. She subsequently filed a complaint with the consumer-fraud division of the attorney general's office. Jack Roach Ford was notified of the complaint on June 29, 1978. Appellant filed this action on March 2, 1979, alleging, inter alia, Jack Roach Ford had represented to her that the car was new when it was, in fact, used. Mrs. De Urdanavia reclaimed the car from appellant's lot on February 3, 1981. From April 13, 1978, to February 3, 1981, appellant made no further efforts to repair the car.

Initially, we address Mrs. De Urdanavia's contention that this court is without jurisdiction of this appeal. Specifically, she argues appellant's points of error were raised in the trial court in appellant's "Motion for Judgment Non Obstante Veredicto and to Disregard Findings on Special Issues" and "Motion for Remittitur" and that there is nothing in either the transcript or the statement of facts showing the trial court ruled on the motions; therefore, nothing is presented for our review.

In support of her contention, Mrs. De Urdanavia relies chiefly on City of Jacksonville v. Hill-Tex Communications, Inc., 613 S.W.2d 76 (Tex.Civ.App.—Tyler 1981, no writ). In City of Jacksonville, the city raised three points of error on appeal. All three points related to the overruling of the

city's motion for judgment *non obstante veredicto.* The court of appeals affirmed, holding: "[S]ince the record does not show that the trial court acted upon the City's motion, we cannot consider the three points based entirely upon such motion." *Id.* at 78. In the case at bar, in only one of appellant's five points of error does it complain of the trial court's ruling on a motion. Even assuming, *arguendo,* that the one point of error in which appellant complains of the trial court's ruling on a motion was not properly preserved because of the failure of the record to show the trial court ruled on it, our jurisdiction to review the remaining points of error is not affected. *See Pace v. McEwen,* 617 S.W.2d 816 (Tex. Civ.App.—Houston [14th Dist.] 1981, no writ). *City of Jacksonville* is therefore distinguishable.

In point of error one, appellant contends the trial court erred in submitting, over its objection, special issues thirteen and fourteen. It argues the trial court's finding that the car was legally new precluded the submission of those issues.

Special issue thirteen relates to whether the car was in a "deteriorated" condition at the time of purchase. Special issue fourteen relates to the difference in the market value of the car as represented by appellant and as delivered to Mrs. De Urdanavia. Appellant argues that these issues should not have been submitted in light of the trial court's ruling that the car was new as a matter of law. It argues that under the DTPA, a car which is "new" cannot be "deteriorated." We disagree.

Appellant cites no authority for its proposition and our own search reveals none. We believe, however, that the legislature did not intend to preclude recovery under the DTPA simply because a "good" is technically "new." The clear import of the DTPA is to provide a remedy to consumers for false or deceptive acts. The language of the statute itself provides that "representing that goods are . . . new if they are deteriorated" is a false, misleading, or deceptive act or practice. TEX.BUS. & COM. CODE ANN. § 17.46(b)(6) (Vernon Supp.

1982–1983). The trial court's ruling that the car was new as a matter of law was based on evidence that neither legal nor equitable title had previously passed from appellant to an ultimate consumer. *See* TEX.REV.CIV.STAT.ANN. art. 6687–1, §§ 7, 9 (Vernon 1977). Although we agree with the trial court's ruling that the car was new as a matter of law, we reject appellant's contention that this conclusion is sufficient to preclude the submission of an issue on the deteriorated condition of the car. Surely a "good" which is "new" can also be "deteriorated." Appellant's first point of error is overruled.

In its second point of error, appellant challenges the legal sufficiency of the evidence to support the jury's finding in regard to special issue fourteen. In response to special issue fourteen, the jury found the difference between the market value of the car as represented to Mrs. De Urdanavia and as delivered to her to be $500.00.

In reviewing "no evidence" points, we must consider only the evidence and inferences tending to support the jury's findings and must disregard all evidence and inferences to the contrary. *Allied Finance Co. v. Garza,* 626 S.W.2d 120 (Tex. App.—Corpus Christi 1981, writ ref'd n.r.e.). The evidence shows Mrs. De Urdanavia purchased the car for $9,557.65. We find this to be some evidence of the fair market value of the car at the time of the sale. The record also reflects that a witness for Mrs. De Urdanavia testified he was familiar with the market value of automobiles in Harris County in February, 1978, and that, in his opinion, the market value of the car at the time of sale was between $500.00 and $800.00. We find this to be some evidence of a difference in market value as represented and as delivered.

In support of its position, appellant relies on *Sparkman v. Presley Olds-Cadillac, Inc.,* 616 S.W.2d 264 (Tex.Civ.App.—San Antonio 1981, writ ref'd n.r.e.). In *Sparkman,* the court stated: "There is no evidence as to the value of the vehicle as represented, unless we assume that the

price paid represented the fair market value of the car." *Id.* at 266. The holding of the court, however, was based on the fact there was no competent evidence showing the market value of the car in the condition in which it was delivered. To the extent *Sparkman* is interpreted to hold that price is no evidence of market value, we disagree. We believe the price placed on a good by a vendor is at least some evidence of its market value. Appellant's second point of error is therefore overruled.

In its fourth point of error, appellant urges that the jury's award of attorney fees is against the greater weight, and preponderance of the evidence.

■ At trial, counsel for appellee (Trevino) testified his law firm spent 648 hours in the preparation and trial of this lawsuit. He testified that the fee charged in this case was $80.00 per hour, resulting in attorney fees in the amount of $51,840.00. He also testified that a reasonable attorney's fee in the event of an appeal to the court of appeals would be $5,000.00, and a reasonable attorney's fee in the event an appeal to the supreme court would be $2,500.00. Trevino's former law partner testified the amount of time spent by Trevino in the preparation and trial of the case was reasonable and necessary and that $80.00 per hour was a reasonable fee. He also testified that $5,000.00 would be a reasonable attorney's fee in the event of an appeal to the court of appeals, and that $2,500.00 to $3,500.00 would be a reasonable attorney's fee in the event of an appeal to the supreme court. A lawyer called by Ford Motor Company testified that the time spent by Trevino in the preparation and trial of the case was unreasonable and that a reasonable fee would be $9,000.00 to $12,500.00. In light of the evidence presented at trial, we cannot say the jury's findings on attorney's fees were so against the greater weight and preponderance of the evidence as to be manifestly unjust. Appellant's fourth point of error is overruled.

■ In its fifth point of error, appellant contends the trial court erred in overruling its motion for remittitur.

The record reflects that appellant presented to the court a motion for remittitur seeking to have the award of attorney's fees reduced to $1,500.00 for the trial and preparation of the case, $1,500.00 in the event of an appeal to the court of appeals, and $1,000.00 in the event of an appeal to the supreme court. The record contains no written order showing the trial court's ruling on the motion. The statement of facts, however, contains the following exchange regarding the motion:

The Court: I don't think there is any question but that [counsel for Mrs. De Urdanavia] did a lot of work, spend [sic] a lot of time on it. I don't know what the court of appeals will do, whether they will bounce it back.

[Counsel for appellee]:

They will make me file a remittur [sic] if they find we are incorrect.

The Court: But I listened to it, watched it.

[Counsel for appellant]:

Judge, but it remains, it doesn't matter how much work was put into it. He could have had four lawyers working on the thing. It has to be reasonably related to the amount in controversy. That is what it boils down to.

The Court: I am going to leave that jury verdict alone.

[Counsel for appellant]:

You are going to leave the $28,500.00?

The Court: Yes.

Mrs. De Urdanavia urges that the above conversation among the court, counsel for appellant, and counsel for appellee was insufficient to show the trial court ruled on the motion. We agree. In *City of Jacksonville*, 613 S.W.2d at 77–78, the court intimated that the trial court's announcement that it "[did] not feel [it] should overturn the findings of the jury" was insufficient to show the trial court had overruled the city's motion for judgment *non obstante veredicto*. Appellant's fifth point of error is therefore overruled.

**730**

In point of error three, appellant argues that the amount awarded as attorney fees was excessive.

 The amount of a reasonable attorney's fee is a fact question to be determined by the jury. *Smith v. Davis,* 453 S.W.2d 340 (Tex.Civ.App.—Fort Worth 1970, writ ref'd n.r.e.). However, the appellate court is entitled to look at the entire record and, viewing the matter in light of the testimony, the amount in controversy, the nature of the case, and the common knowledge and experience of the judges as lawyers and judges, determine whether the award is excessive. *Argonaut Ins. Co. v. ABC Steel Products Co., Inc.,* 582 S.W.2d 883 (Tex.Civ. App.—Texarkana 1979, writ ref'd n.r.e.). If the award is found to be excessive, the appellate court has a duty to reduce it. *Id.* at 889.

Turning to the case at bar, counsel for Mrs. De Urdanavia testified that over a period of three years his law firm had spent approximately 648 hours working on the case. He testified his normal hourly fee was $100.00, but that he charged Mrs. De Urdanavia only $80.00 per hour. Counsel for appellant testified the litigation was "aggressively pursued." Two hundred hours were spent researching the law. Four other attorneys participated in preparation of trial. There were various communications between the parties and several depositions were taken.

Mrs. DeUrdanavia sought to recover $50,-000.00 in actual damages. The case was not complex, as counsel for Mrs. De Urdanavia himself testified. In support of her claim, three witnesses, one of whom was presented as an expert, were called to testify.

 We find that in light of the evidence, the nature of the case, the amount in controversy, and our own experience as judges and lawyers, the jury's award of $28,500.00 for attorney's fees in connection with the trial and preparation of the case was excessive. Consequently, if appellee files in this court within fifteen days from the date of this opinion a remittitur of $8,500.00, we will reform the judgment and

affirm. Otherwise, the judgment of the trial court, with respect to attorney's fees only, will be reversed and remanded. *See Flanigan v. Carswell,* 159 Tex. 598, 324 S.W.2d 835 (1959).

The judgment of the trial court is affirmed subject to remittitur.