**William Curtis MOORE, Appellant,**

v.

**COTTER AND COMPANY, Appellee.**

**No. 10–86–141–CV.**

Court of Appeals of Texas, Waco.

Feb. 19, 1987.

---

David T. Gilchrist, Ray & Gilchrist, Joe D. Gregory, Gregory & Gregory, Dallas, for appellant.

Robert D. Allen and Mark A. Hendrix, Vial, Hamilton, Koch & Know, Dallas, for appellee.

## OPINION

McDONALD, Chief Justice.

This is an appeal by plaintiff Moore from a take nothing judgment in his suit alleging that defendant Cotter was negligent in stacking goods in a trailer, which negligence resulted in the goods falling on plaintiff and causing him bodily injury.

Plaintiff sued defendant alleging that on June 29, 1983, defendant loaded a trailer in Corsicana; that plaintiff picked up the trailer to deliver the goods on the trailer to its destination; that upon reaching the destination in Louisiana, plaintiff entered the back of the trailer to unload the goods; that the goods had been negligently stacked in the back of the trailer and, as a result, fell on plaintiff causing him great bodily injury. Plaintiff sued for $7,285,000 plus exemplary damages.

Defendant answered by general denial: that plaintiff's damages were proximately caused by his own negligence; that plaintiff's damages were pre-existing; and that plaintiff was injured after the injury sued on, which contributed to his alleged injuries. Defendant by supplemental answer alleged that plaintiff was an employee of defendant or alternatively a borrowed employee; that plaintiff's remedy was pursuant to the Worker's Compensation Laws; and that defendant was covered by Worker's Compensation Insurance.

Plaintiff was a truck driver employed by a firm named Industrial Personnel and contracted to defendant. Plaintiff picked up defendant's loaded truck trailer at defendant's office in Corsicana and drove it to stores in Texas and Louisiana, delivering defendant's merchandise. Defendant initially loaded the trailer, but plaintiff inspected the loaded trailer before departure, unloaded goods for designated stores as he reached them, resecured his load and proceeded to the next destination. While at a delivery destination plaintiff entered the trailer and the stacked goods in the trailer fell on plaintiff severely injuring him.

Trial was to a jury which found:

1) 2) Defendant failed to properly balance the load and properly pack boxes, which were proximate causes of plaintiff's damages.

3) Plaintiff was injured as a result of the incident.

4) 5) Some of plaintiff's injuries were pre-existing but were aggravated by the incident.

6) 7) Plaintiff was injured after the incident which contributed to plaintiff's alleged injuries.

10) Plaintiff was negligent in: failing to resecure the load; failing to break down the load; and failing to move the straps out of his way; all of which were proximate causes of the occurrence.

11) Plaintiff was a borrowed employee of Cotter & Company from Industrial Personnel.

12) The percentage of negligence attributed to each party: Cotter 45%; Plaintiff 55%.

13) Plaintiff's damages were assessed as follows:

a) –0–past physical pain and mental anguish;

b) –0–future physical pain and mental anguish;

c) $30,000 loss of earnings;

d) $40,000 future loss of earnings;

e) –0– past physical impairment;

f) –0–future physical impairment;

14) $50,000 reasonable past medical expenses.

15) $10,000 reasonable future medical expenses.

Plaintiff filed a "motion for judgment non obstante veredicto and to disregard the

jury's answer" to Issues 10 and 12 which was not granted by the trial court. The trial court thereafter rendered judgment on the verdict that plaintiff take nothing from defendant. Plaintiff filed a motion for new trial which was overruled.

Plaintiff appeals on 5 points.

Point 1 asserts: "The trial court erred in not granting [plaintiff's] motion for judgment non obstante veredicto and to disregard the jury's answer to special issues".

Plaintiff asserts that when the jury found plaintiff to be a borrowed employee of defendant (Issue 11), if defendant was eligible to subscribe to worker's compensation, unless defendant proved up a worker's compensation policy, defendant is stripped of the defense of comparative negligence and plaintiff's motion for judgment non obstante veredicto should have been granted (disregarding Issues 10 and 12).

Defendant plead in its supplemental answer that plaintiff was a borrowed employee; that plaintiff's remedy was under the worker's compensation law; and that defendant was covered by worker's compensation, but offered no evidence that it was covered by worker's compensation.

Plaintiff sued defendant for negligence alleging "defendant loaded a trailer"; "plaintiff proceeded to pick up the trailer and deliver the goods loaded on the trailer to its destination"; and "the goods had been negligently stacked in the back of the trailer and, as a result, the load of goods fell upon plaintiff causing him great bodily injury". In no place did plaintiff allege that he was an employee of defendant. Defendant on the other hand, as an alternative defense, alleged that plaintiff was a "borrowed employee"; that plaintiff's remedy was pursuant to the worker's compensation laws; and prayed for dismissal of plaintiff's suit or that plaintiff take nothing.

■ Plaintiff thus seeks to obtain relief by and from a theory he did not plead, based on the jury's finding to Issue 11, a defensive issue. Plaintiff should have filed a worker's compensation case, alleging he was an employee injured in the course and scope of his employment. In suing for negligence and not alleging he was defendant's employee, his suit is subject to the defense of contributory negligence.

■ The jury's finding in Issue 11 that plaintiff was a borrowed employee cannot help plaintiff. One of the essential elements of proof in a borrowed servant defense is that worker's compensation insurance existed, and there is no such evidence in this case. *Johnston Testers v. Rangel*, CCA (San Antonio) NRE, 435 S.W.2d 927, 930. The jury's answer to the borrowed servant Issue 11, without proof of coverage by compensation, was immaterial. *Guerrero v. Standard Alloys Manufacturing Co.*, CCA (Beaumont) NRE, 598 S.W.2d 656, 657. The jury's finding in Issue 11 here is immaterial and should be disregarded.

■ Moreover, plaintiff's motion for judgment non obstante veredicto and to disregard the jury's answer to special issues is not shown to have been ruled on by the trial court. The transcript must reflect that such a motion was presented to and ruled on by the trial court in order for the motion to preserve a claim of error. *City of Jacksonville v. Hill-Tex Communication*, CCA (Tyler) NRE, 613 S.W.2d 76, 78; *Crook v. Williams Drug Co., Inc.*, CCA (Tyler) NRE, 558 S.W.2d 500, 505; *Murphy v. Maroney*, CCA (Waco) NRE, 456 S.W.2d 787, 788. The foregoing applies even though plaintiff filed a motion for new trial asserting the matter. *Crook v. Williams Drug Co., supra.* Point 1 is overruled.

Point 2 asserts: "The trial court erred in admitting defendant's Exhibits 35 and 36 into evidence".

■ Exhibits 35 and 36 are photographs depicting the inside of the trailer in which plaintiff was injured, including the straps attached to the trailer's inside wall.

The photographs were introduced through the witness Lane. Lane testified that the photographs were of the inside of the trailer involved in plaintiff's accident, that he attended the taking of the photos, and that they accurately portrayed the inside of the trailer. Counsel for plaintiff

objected on the basis that the photographs were taken three years after the accident and cannot be of any probative value. The trial court overruled the objection and admitted the photos. We think the objection goes to the weight rather than the admissibility of the evidence. *Richardson v. Missouri–K.–T. R. Co. of Texas*, CCA (Ft. Worth) Er.Dis., 205 S.W.2d 819; *Southwestern Bell Tel. Co. v. Griffith*, CCA (Corpus Christi) NRE, 575 S.W.2d 92.

Moreover, plaintiff discussed these exhibits and stated that other than a new coat of paint, the photos looked like the inside of the trailer on "his last trip".

Point 2 is overruled.

 Point 3 asserts the jury's finding of –0– on the issue of physical pain and mental anguish in the past and future, is against the great weight and preponderance of the evidence.

Plaintiff did not raise this in his motion for new trial. Rule 324, T.R.C.P., in pertinent part provides:

(b) Motion for New Trial Required. A point in a motion for new trial is a prerequisite to the following complaints on appeal.

* * * * * *

(3) A complaint that a jury finding is against the overwhelming weight of the evidence;

(4) A complaint of inadequacy * * of the damages found by the jury; * * *.

By plaintiff's failure to raise the complaint in his motion for new trial, he has waived his right to raise same on appeal. *Wm. S. Baker, Inc. v. Sims*, CCA (Dallas) NRE, 589 S.W.2d 492 (and cases cited therein).

Moreover, the jury's finding that plaintiff's negligence amounted to 55% renders the point harmless.

Point 3 is overruled.

Point 4 asserts: "The trial court erred in allowing Dewayne Smith to testify on behalf of [defendant]".

 Plaintiff asserts it served interrogatories on defendant seeking the names of all persons who have knowledge of the facts relevant to the case, and that in defendant's response Smith's name was not listed, for which reason the court abused its discretion in allowing Smith to testify at trial. Plaintiff is mistaken, as Dewayne Smith's name was listed in defendant's response to plaintiff's interrogatories. And Smith's testimony was cumulative of other uncomplained of witnesses, and could not be harmful. *Gonzalez v. Texas Dept. of Human Resources*, CCA (Corpus Christi) NRE, 581 S.W.2d 522, 532.

Point 4 is overruled.

Point 5 asserts the "case should be reversed and remanded because it was tried on the wrong theory".

 We have found no error in the judgment. An errorless judgment cannot be reversed in the interest of justice or to permit the losing party to have another trial. *City of Houston v. Blackbird*, S.Ct., 394 S.W.2d 159, 165.

Point 5 is overruled.

AFFIRMED.