Donald R. STEWART and Gemcraft Homes, Inc., Appellants,

v.

Philip M. CHOVANEC and Tracye Chovanec, Appellees.

No. 2–86–264–CV.

Court of Appeals of Texas, Fort Worth.

Oct. 15, 1987.

Gardere & Wynne, D. Steven Henry, Dallas, for appellants.

Rebecca C. Lucas and Bonnie Sudderth, Fort Worth, for appellees.

Before FENDER, C.J., and FARRIS and KELTNER, JJ.

## OPINION

FENDER, Chief Justice.

This is an appeal by Donald R. Stewart and Gemcraft Homes, Inc., defendants in the trial court, from a judgment in a nonjury trial awarding plaintiffs, Philip M. Chovanec and Trayce Chovanec, $20,153.91 for a breach of contract by appellants.

We modify and as modified, affirm.

On November 14, 1983, appellants entered into a contract with appellees to build appellees a home on Lot 31, Block 42, Westpoint Addition, Fort Worth, Tarrant County, Texas, for the price of $82,450.00. The contract provided a financing package including a 3–2–1 buydown provision which obligated appellants to place $4,469.40 into an escrow account with the appellees for their benefit. The appellees gave the appellants $500.00 as earnest money. Construction of the home was to be substantially completed 120 days after the appellees received loan approval from their lender, and the commitment was to be closed and funded by February 1, 1984.

The house was not closed by the February 1, 1984 contracted date. A second contract was executed identical to the first except that the commitment now would be closed and funded by March 1, 1984. On March 10, 1984, a third contract was executed identical to the first two except the purchase price was lowered to $80,950.00 and the closed and funded date was changed to July 31, 1984.

During the term of the third contract appellants offered appellees a fourth contract with the same identical package and terms as the third but on a different lot with a quicker availability date. Appellees refused to enter into a fourth contract and demanded performance under the third contract; non-performance by appellants subsequently gave rise to this suit for damages.

█ Appellants assert in their first point of error that the trial court erred by applying the wrong measure of damages in an action for a breach of contract to sell real estate. We have previously held the correct measure of damages for breach of a contract to sell real estate is the difference between the contract price and the market value of the property at the time of the breach. See *Ryan Mortgage Investors v. Fleming—Wood*, 650 S.W.2d 928, 935 (Tex. App.—Fort Worth 1983, writ ref'd n.r.e.). In the case at bar, however, the contract not only included a provision for the sale of real estate, but it also provided for a certain type of financing package with regard to the sale. Hence, appellants did not only breach the contract for the sale of real estate, but also breached the contract to offer the particular financing package. Accordingly, the measure of damages for breach of contract is the amount necessary to place plaintiffs in a financial position equal to that which they would have had if the contract had been performed by both parties. See *Community v. Replacement Parts Mfg.*, 679 S.W.2d 721, 725 (Tex.App. —Houston [1st Dist.] 1984, no writ). To put the appellees in a financial position equal to that which they would have had if appellants had not breached the contract, the trial court correctly took into account the loss of the financing package caused by appellants' breach of contract. Appellants' first point of error is overruled.

█ Appellants' second and third points of error challenge the trial court's finding of personal liability against Stewart as being supported by no evidence and as being against the great weight and preponderance of the evidence. Stewart's asserted defense is that he signed the contract not as an individual, but as a representative of Gemcraft Homes, Inc. We need not address whether or not appellants signed as a representative, because appellant's defense is one of avoidance. See *Seale v. Nichols*, 505 S.W.2d 251, 254 (Tex.1974). Defenses in avoidance are expressly made affirmative defenses by TEX.R.CIV.P. 94 (Vernon 1979). Appellants have failed to file any affirmative defensive pleadings, and an affirmative defense cannot be raised for the first time on appeal. *Forest Lane Porsche Audi v. G & K Services*, 717 S.W.2d 470, 474 (Tex.App.—Fort Worth 1986, no writ). *Copeland Well Service Inc. v. Shell Oil Company*, 528 S.W.2d 317 321 (Tex.Civ.App.—Tyler 1975, writ dism'd). Appellants' points of error two and three are overruled.

In their fourth point of error appellants complain of the trial court's finding that the appellees suffered damages for additional interest in the amount of $4,225.31. The trial court found that appellees would be required to pay $11,254.54 additional interest over a thirty-year period and awarded appellees the present (discounted) value of $4,225.31. As the appellees concede, the evidence shows the amount of additional interest was $5,600.00, rather than $11,254.54, which should have been discounted to present value. Although no set formula was given by the trial court, both parties agree the present value of $5,600.00 over a thirty-year period at eight percent discount rate is $2,105.91 not $4,225.31.

We modify the trial court's judgment so as to reflect the discounted value of $2,105.91.

Appellants contend in their fifth point of error that there is no evidence to support

the finding that the difference between the contract price and market value of the property in issue was $7,000.00. Appellants alternatively argue in point of error six that the same finding is against the great weight and preponderance of the evidence.

■ Findings of fact entered in a case tried to the court are of the same force and dignity as a jury's verdict upon special issues. *City of Clute v. City of Lake Jackson,* 559 S.W.2d 391, 395 (Tex.Civ.App.—Houston [14th Dist.] 1977, writ ref'd n.r. e.). The trial court's findings of fact are reviewable for legal and factual sufficiency of the evidence to support them, *First Nat. Bank in Dallas v. Kinabrew,* 589 S.W.2d 137, 146 (Tex.Civ.App.—Tyler 1979, writ ref'd n.r.e.), by the same standards as are applied in reviewing the legal or factual sufficiency of the evidence supporting a jury's answer to a special issue. *Okon v. Levy,* 612 S.W.2d 938, 941 (Tex.Civ.App.—Dallas 1981, writ ref'd n.r.e.).

In determining a "no evidence" point of error, we are to consider only the evidence and inferences which tend to support the finding of the jury and disregard all evidence and inferences to the contrary. *See Larson v. Cook Consultants, Inc.,* 690 S.W.2d 567, 568 (Tex.1985); *International Armament Corp. v. King,* 686 S.W.2d 595, 597 (Tex.1985); *In re King's Estate,* 150 Tex. 662, 244 S.W.2d 660, 661–62 (1951). If there is any evidence of probative force to support the finding of the jury, the point must be overruled and the finding upheld. *In re King's Estate,* 244 S.W.2d at 661–62.

■ A "no evidence" point of error must and may only be sustained when the record discloses one of the following: (1) a complete absence of evidence of a vital fact; (2) the court is barred by rules of law or evidence from giving weight to the only evidence offered to prove a vital fact; (3) the evidence offered to prove a vital fact is no more than a mere scintilla of evidence; or (4) the evidence establishes conclusively the opposite of a vital fact. *Commonwealth Lloyd's Ins. Co. v. Thomas,* 678 S.W.2d 278, 288 (Tex.App.—Fort Worth 1984, writ ref'd n.r.e.); Calvert, *"No Evi-*

*dence" and "Insufficient Evidence" Points of Error,* 38 TEXAS L.REV. 361 (1960).

■ In reviewing a point of error asserting that a finding is "against the great weight and preponderance" of the evidence, we must consider and weigh all of the evidence, both the evidence which tends to prove the existence of a vital fact as well as evidence which tends to disprove its existence. *See Cain v. Bain,* 709 S.W.2d 175, 176 (Tex.1986) (per curiam); *Ford Motor Co. v. Nowak,* 638 S.W.2d 582, 585 (Tex.App.—Corpus Christi 1982, writ ref'd n.r.e.). So considering the evidence, if a jury finding is so contrary to the great weight and preponderance of the evidence as to be manifestly unjust, the point should be sustained, regardless of whether there is some evidence to support it. *Watson v. Prewitt,* 159 Tex. 305, 320 S.W.2d 815, 816 (1959) (per curiam); *In re King's Estate,* 150 Tex. 662, 244 S.W.2d 660, 661 (1951) (per curiam).

■ We find there is some evidence to support the finding that the difference between the contract price and market value of the property in question was $7,000.00. We also find, in weighing all the evidence, that the trial court's finding is not so contrary to the great weight and preponderance of the evidence as to be manifestly unjust. Appellee Tracye Chovanec testified the fair market value of the property was $7,000.00 more than the contract price at the time of the breach. Appellees were aware of the value of comparable property at the time of the breach because they had been actively pricing homes through July 31, 1984. In addition, a letter from appellants to appellees' counsel indicated that the price of the home had "gone up $4,000.00" and that additionally the appellants were maintaining "a $1,500.00 upgrade package" for the appellees. Appellees testified as to the value of features of the house other than those included in the upgrade package and such evidence was uncontroverted. Points of error five and six are overruled.

In their seventh and eighth points of error, appellants argue that the finding that the retention by appellees of the $500.00 escrow check did not constitute an accord and satisfaction, or alternatively a release of appellants, is against the great weight and preponderance of the evidence. The evidence reflects the following facts: (1) On June 13, 1984, appellants returned the $500.00 earnest money to appellees; (2) on September 11, 1984, the check became void under its own terms; (3) appellees never cashed the check; (4) in January 1985 the check was returned to the appellants and (6) although appellees retained the check for seven months prior to returning it to appellants, appellants were deprived of the use of the $500.00 for only ninety (90) days. Where the evidence of the existence of accord and satisfaction is in conflict, the question is one of fact for the fact finder. *See Call of Houston v. Mulvey,* 343 S.W.2d 522, 526 (Tex.Civ.App. —Houston 1961, no writ). The trial court having made its determination that the seven-month retention of the check did not constitute accord and satisfaction nor did it effect a release, we cannot say under the facts before us that the finding is so against the great weight and preponderance of the evidence that the result is manifestly unjust. Appellants' seventh and eight points of error are overruled.

Appellants assert in their ninth point of error that the finding that appellants breached their contract with the appellees is against the great weight and preponderance of the evidence. We cannot agree with appellants' assertion. The evidence is uncontroverted that appellants offered the appellees the identical house on a different lot at a different location as part of a fourth contract. The appellees refused the offer and demanded performance under the third contract and the appellants refused to perform in accordance with the terms of the third contract. In light of this evidence, we do not believe that the finding of the trial court as to appellants' breach of contract is so against the great weight and preponderance of the evidence that the result is manifestly unjust. Appellants' ninth point of error is overruled.

We modify the trial court's judgment so as to delete the award of "3) $4,225.31 representing the discounted value of $11,-254.54 additional interest Plaintiff will be required to pay over 30 years (discounted at 8% to July 3, 1984)," and we substitute an award for: 3) $2,105.91, representing the discounted value of $5,600.00 additional interest Plaintiffs will have to pay over 30 years. As modified we affirm.