NUMBER 13-02-450-CV

 

                         COURT OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI - EDINBURG 

 

WESTERN
STEEL COMPANY, INC.,                                             Appellant,

 

                                                             v.

 

HANK ALTENBURG,                                                                       Appellee.

 

 

      On appeal
from the 347th District Court of Nueces County, Texas.

 

 

                                          O
P I N I O N

 

                          Before
Justices Yañez, Castillo, and Garza

                                        Opinion
by Justice Yañez

 








Appellee, Hank Altenburg, sued appellant, Western
Steel Company, Inc. (AWestern@), for injuries sustained in a work-related
accident.  Following a jury trial, the
jury found (1) Western was negligent; (2) Altenburg was not Western=s borrowed employee; 
and (3) that Altenburg was entitled to $88,313.85 in damages.  By two issues, Western challenges the legal
and factual sufficiency of the evidence supporting the jury=s finding that Altenburg was not its borrowed
employee.  We affirm.    

                                                                  Background

On September 14, 1998, Altenburg suffered a
work-related injury to his foot while heating steel beams at Western=s structural steel shop.  At the time of the accident, Altenburg was a
temporary worker employed by Unique Employment Services (AUnique@) and had been sent by Unique to work in Western=s shop. 
Altenburg was covered by and received benefits under Unique=s worker=s compensation policy.  

Altenburg sued Western, asserting negligence and
gross negligence related to the accident. 
Western asserted various defenses, including the affirmative defense
that it was not liable because Altenburg=s claims were barred by the worker=s compensation bar under the borrowed servant
doctrine.  

Western filed a motion for summary judgment
asserting that it is not liable for negligence based on the exclusive remedy
provision of the worker=s compensation statute.[1]  Western=s motion asserted that ATexas courts have afforded the temporary employer
the protection of the workers= compensation law, if the temporary employer is a
subscriber to workers= compensation insurance, by applying the borrowed
servant doctrine.@  Altenburg=s response to the motion is not included in the
record.  The trial court denied Western=s motion.

As noted, the jury found Western negligent,
determined that Altenburg was not Western=s borrowed employee, and awarded him $88,313.85 in
damages.  








By two issues, Western appeals the legal and factual
sufficiency of the jury=s finding that Altenburg was not its borrowed
employee.  In its brief, Western asserts
that because A[Altenburg] was [Western=s] borrowed employee, [Western] is immune from
liability by the worker=s compensation bar and [Altenburg] should take
nothing from [Western].@

                                                            Standard
of Review

If, as here, an appellant is attacking the legal
sufficiency of an adverse answer to an issue on which he had the burden of
proof, the appellant must overcome two hurdles.[2]  First, the record must be examined for
evidence that supports the finding, while ignoring all evidence to the
contrary.[3]  Second, if there is no evidence to support
the finding, then the entire record must be examined to see if the contrary
proposition is established as a matter of law.[4]  The issue should be sustained only if the
contrary proposition is conclusively established.[5]









When reviewing the factual sufficiency of evidence,
we examine all of the evidence and set aside a finding only if it is so against
the great weight and preponderance of the evidence that it is clearly wrong and
unjust.[6]  A court of appeals must detail the evidence relevant
to the issue in consideration, clearly state why the jury's finding is
factually insufficient or so against the great weight and preponderance of the
evidence as to be manifestly unjust, and state in what regard the contrary
evidence greatly outweighs the evidence in support of the verdict.[7]  

                                                                Applicable
Law

Section 408.001 is the exclusive remedy provision of
the TWCA.  Section 408.001(a) provides as
follows:  

Recovery of workers' compensation benefits is the
exclusive remedy of an employee covered by workers' compensation insurance
coverage . . . against the employer . . . for . . . a work‑related injury
sustained by the employee.[8]

 

An employee is Acovered by worker's compensation insurance coverage@ if his employer possesses an approved insurance
policy covering the payment of worker's compensation benefits to its employees.[9]
    

A temporary employee may have more than one employer
for purposes of the TWCA=s exclusive remedy provision Awhen a provider of temporary workers furnishes a
worker to a client that controlled the details of the work at the time the
worker was injured and there was no agreement between the provider of temporary
workers and the client regarding workers= compensation coverage.@[10] 








The exclusive remedy provision of the TWCA is an
affirmative defense.[11]  Because an employer=s status as a subscriber to worker=s compensation is an affirmative defense, the duty
is on the employer/defendantCnot the employee/plaintiffCto plead and prove such facts.[12]


In Garza v. Exel Logistics, Inc.,  the Texas Supreme Court recently held that
under the TWCA, a temporary employment agency cannot obtain worker=s compensation insurance for a client company simply
by obtaining coverage for itself.[13]  The court held that Atwo employers cannot agree that one workers= compensation policy will name only one employer but
cover both.@[14]  The Garza
court held that because there was no evidence of explicit insurance coverage
for Exel (the client company) in the record, Exel had failed to establish that
it was Acovered by workers=
compensation insurance coverage@ for a Awork-related injury sustained by the employee,@ which is a prerequisite to the application of the
exclusive remedy provision of the TWCA.[15]


                                                                      Analysis








In the present case, Western was therefore required
to plead and prove: (1) Altenburg was a borrowed servant; (2) he was entitled
to worker=s compensation benefits; and (3) Western had worker=s compensation insurance that covered claims
asserted by borrowed servants.[16]  Thus, one of Western=s essential elements of proof is that it was Acovered by workers=
compensation insurance coverage.@[17]                      

As noted, Western adequately pled the affirmative
defense that Altenburg=s claims were barred by the worker=s compensation bar under the borrowed servant
doctrine.  However, Western presented no
evidence to the trial court that it was Acovered by workers=
compensation insurance coverage@ under the TWCA and that such coverage would have
covered a claim made by Altenburg.

The record reflects that immediately prior to the
beginning of trial, outside the presence of the jury, Western objected to its Aworker=s compensation@ insurance policy Acoming
into evidence to the jury.@  Western=s counsel argued that admitting the policy to the
jury would be Aduplicious@ [sic] because the parties had stipulated
that AWestern Steel has a policy of insurance, but that
policy did not provide benefits to the plaintiff.@  Secondly, Western argued that admission of
the policy to the jury was irrelevant because: 

[Western=s counsel]: . . . The only relevance to the
insurance compB worker=s comp insurance issue under the Borrowed Servant
Doctrine is that both the general employer must have comp and the special
employer, or the borrowing employer, must have worker=s comp.  Who
paid the comp is really not an issue. 

 

                                                              *
* * * 

 

The only relevance it would have would be to the
Court on determining the legal issue of whether or not we have met, at least,
the superficial or the preliminary elements of Borrowed Servant, number one,
being that both the client company and general employer has [sic] comp;
two, being there was some exercise of control.

 








The trial court overruled Western=s objection and APlaintiff=s Exhibit 14b,@ Western=s insurance policy, was admitted.  We have carefully examined the policy.  We conclude it does not establish that
Western was Acovered by workers=
compensation insurance@ as required under the exclusive remedy provision of
the TWCA.[18]    

At trial, Michael Yankee, president of Western,
testified on cross-examination as follows:

Q [Altenburg=s counsel]: Come on, Mr. Yankee, you know what I=m asking.  You
give himC you give your straight employees W-2s.  You don=t give him [Altenburg] a W-2.

 

A [Yankee]: I don=t give
him a W-2.  No.

 

Q: You don=t keep him on your medical insurance.  Mr. Altenburg, isn=t, is he, correct?

 

A: No.

 

Q: He=s not on your 401-K plan.

 

A: That=s true.

 

Q: He=s not on your worker=s
compensation policy for this injury.

 

A: That=s correct.

 








Q:
He wasn=t paid benefits by your worker=s compensation policy.

 

A:
Not that I know of.

 

                                                              *
* * *

 

Q:
All right, sir.  Well, you could
certainly agree with me that all those benefits your regular employees get,
that we just went through, have not been provided, were not provided and were
certainly never intended to be provided to this man, Mr. Altenburg, correct?

 

A:
Those benefits are available to him through the temporary company.  

 

Q:
Through Unique?

 

A:
That=s correct.

 

Western also offered
the video deposition testimony of Ray Robles, Western=s industrial division manager.  On cross-examination, Robles testified as
follows:

Q
[Altenburg=s counsel]: To go specifically to Mr. Altenburg, for
the day he got hurt back on September 14th, 1998, he was paid wages for that
day=s work by Unique?

 

A
[Robles]: Correct.

 

Q:
Not by Western Steel, correct?

 

A:
Correct.

 

Q:
He was covered by workers= compensation as an employee, an employee of Unique,
correct?

 

A:
Correct.

 

Q:
He was actually paid benefits under that workers=
compensation policy of Unique by Unique=s compensation carrier, correct?

 

A:
Correct.

 

Q:
And he was not paid or claimed to be an employee under the workers= compensation policy of Western Steel, was he?

 

A:
Correct.








Q:
We would be in agreement, he was not?

 

A:
Correct.

 

Q:
Because he was an employeeB considered an employee under the compensation claim
and policy of Unique?

 

A:
Correct.  

 

We conclude that the
record contains no evidence that Western was Acovered
by workers= compensation insurance coverage@ as required under the exclusive remedy provision of
the TWCA[19]
and that such coverage would have covered a claim made by Altenburg.    

Even if,  as Western urges, we were to determine that
the evidence establishes as a matter of law that Altenburg was its borrowed
employee, such a determination, without proof that Western was covered by
worker=s compensation insurance, is immaterial.[20]  








We briefly address the dissenting opinion.  The dissent would hold that the evidence
established as a matter of law that Altenburg was Western=s borrowed employee. 
Thus, the dissent would sustain Western=s
legal and factual sufficiency challenges and would reverse the trial court=s judgment. 
Rather than render judgment in Western=s
favor, however, the dissent would remand to the trial court for it to consider,
in light of Garza,[21]
whether Western established that it is Acovered by workers=
compensation insurance coverage@ within the meaning of the exclusive remedy
provision of the Texas Worker=s Compensation Act (ATWCA@).[22]  

The dissent=s reliance on Garza, however, for its
conclusion that remand is appropriate in this case, is misplaced.  In Garza, the trial court granted
summary judgment in favor of the temporary employment agency and its client,
and the court of appeals affirmed.[23]  The supreme court affirmed as to the
temporary employment agency, but reversed and remanded as to the client company
because the court found the client company had not established it was Acovered by workers=
compensation insurance coverage@ as required to assert the exclusive remedy
provision of the TWCA.[24]  In contrast, the present case is not before
us on a summary judgment.  A jury has
heard all the evidence presented by Altenburg and Western and has rendered
judgment.  Accordingly, remand is
inappropriate because Western failed to prove an essential element of its
affirmative defenseCspecifically, that it was Acovered by workers=
compensation insurance coverageC@ and is therefore not entitled to a second
opportunity to prove its affirmative defense. 
The dissent simply does not address our holding that Western failed to
prove that it is covered by workers= compensation insurance.               








We hold that Western failed to prove an essential
element of its affirmative defense, specifically, that it is Acovered by workers=
compensation insurance coverage.@  Accordingly,
we affirm the trial court=s judgment.  

                                                              

                                                           
                                                       

LINDA REYNA YAÑEZ

Justice

 

Dissenting
Opinion by 

Justice
Errlinda Castillo.

 

Opinion
delivered and filed this 

the
23rd day of June, 2005.

 











[1]
See Tex. Lab.
Code Ann. ' 408.001 (Vernon 1996). 





[2]
Victoria Bank & Trust
Co. v. Brady, 811
S.W.2d 931, 940 (Tex. 1991). 





[3]
Dow Chem. Co. v. Francis, 46 S.W.3d 237, 241 (Tex.
2001).  





[4]
Id.  





[5]
Id. at 241‑42.





[6]
Id. at 242.  





[7]
Id. at 241. 





[8] Tex. Lab. Code Ann. ' 408.001 (Vernon 1996).  





[9] Id. ' 401.011(44)(A) (Vernon Supp.
2004-05).     





[10]
Wingfoot Enter. v.
Alvarado, 111
S.W.3d 134, 144 (Tex. 2003).  





[11]
Pierce v. Holiday, 155 S.W.3d 676, 678 (Tex. App.BTexarkana 2005, no pet.); Brown
Servs., Inc. v. Fairbrother, 776 S.W.2d 772, 775-76 (Tex. App.BCorpus Christi 1989, writ denied); see
Exxon Corp. v. Perez, 842 S.W.2d 629, 631 (Tex. 1992) (Exxon entitled to
question on its affirmative defense because it pled and proved its subscriber
status and that Perez was its borrowed servant). 





[12]
See Tex. R.
Civ. P. 94; Pierce, 155 S.W.3d at 678; Brown Servs.,
776 S.W.2d at 775-76. 





[13]
Garza v. Exel Logistics, Inc.,
48 Tex. Sup. Ct. J. 544, 2005 Tex. LEXIS 297, at *14 (Tex. Apr. 8, 2005). 





[14]
Id. at *18. 





[15]
Id. at *22.





[16]
See Univ. of Houston -
Clear Lake v.
Marsh, 981 S.W.2d 912, 914 (Tex. App.BHouston [1st Dist.] 1998, no pet.).





[17]
Johnston Testers v. Rangel, 435 S.W.2d 927, 930 (Tex. App.BSan Antonio 1968, writ ref=d n.r.e.) (defendant not entitled
to issue on its defenses that plaintiff was borrowed servant whose sole remedy
was under worker=s compensation act because
defendant did not prove plaintiff was entitled to worker=s compensation benefits or that
defendant had worker=s compensation insurance).

 





[18]
See Tex. Lab.
Code Ann. ' 408.001 (Vernon 1996).  The only reference in Western=s insurance policy regarding worker=s compensation is a reference
specifically excluding such coverage. 
The policy states, in pertinent part:

 

2. 
Exclusions.

 

This insurance does not apply to: 

. . . .

 

d. 
Workers= Compensation and Similar Laws

 

Any obligation of the insured under
a workers= compensation, disability benefits
or unemployment compensation law or any similar law.  

  





[19]
See Tex. Lab.
Code Ann. ' 408.001 (Vernon 1996).  





[20] See Moore v. Cotter & Co.,
726 S.W.2d 237, 240 (Tex. App.BWaco 1987, no writ) (stating that jury=s finding that plaintiff was
borrowed employee, without proof of coverage by compensation was immaterial
because proof that worker=s compensation insurance existed is
essential element of proof in borrowed servant defense); Guerrero v.
Standard Alloys Mfg. Co., 598 S.W.2d 656, 657 (Tex. App.BBeaumont 1980, writ ref=d n.r.e.) (holding that jury=s affirmative finding on borrowed
servant issue, without proof of compensation coverage, was Aimmaterial,@ where defendant had neither plead
nor proved that it had worker=s compensation insurance).





[21]
See Garza, 2005 Tex. LEXIS 297.   





[22]
See Tex. Lab.
Code Ann. ' 408.001 (Vernon 1996).  





[23]
Garza, 2005 Tex. LEXIS 297 at *1. 





[24]
Id.