NO. 07-11-0033-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

OCTOBER 23, 2012

_____


WESTMINSTER FALCON/TRINITY L.L.P., APPELLANT

V.

CHONG SHIN, APPELLEE


_____

FROM THE 261ST DISTRICT COURT OF TRAVIS COUNTY;

NO. D-1-GN-07-003966; HONORABLE GISELA D. TRIANA-DOYAL, JUDGE

_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

This is an appeal from a judgment awarding damages in a suit for breach of contract providing for the construction of a residence. Appellant, Westminster Falcon/Trinity L.L.P., appeals the judgment issued in favor of Appellee, Chong Shin, following a bench trial, for $40,000, less a settlement credit of $20,000, plus $50,000 in attorney's fees. In support of its appeal, Westminster asserts (1) there was insufficient evidence of the property's market value to support the trial court's damages award and

(2) because the damages award was improper, the award of attorney's fees should be reversed. Shin filed a cross-appeal asserting the trial court (1) erred in awarding Westminster a settlement credit and (2) abused its discretion by not awarding specific performance in Shin's favor. We reverse the trial court's judgment, render a take-nothing judgment against Shin, and award Westminster its costs on appeal.

**Background**

In July 2006, Shin executed a *New Home Contract* whereby Westminster agreed to build a "FAB 1495" home[1] on a corner lot in its Agave Development in return for $229,900. The contract provided that the house would be substantially completed and ready for occupancy no later than March 31, 2007.

On February 12, 2007, Westminster commenced construction and, fourteen days later, ceased construction asserting that a city ordinance prevented completion due to the proximity of a hazardous pipeline. Thereafter, Westminster proposed building the same home on alternative lots in the Development; however, those proposals were unsatisfactory to Shin.[2]

In November 2007, Shin filed suit against Westminster. In his *Eighth Amended Original Petition,* Shin asserted actions for breach of contract, specific performance and attorney's fees. Following a three-day bench trial in June 2010, the trial court issued a judgment awarding Shin $20,000 for breach of the new home contract and $50,000 in

---

[1] "FAB" referenced the firm that designed the house and "1495" referenced the house's square footage.

[2] As of trial, the corner lot remained vacant.

attorney's fees.  Although the initial award was $40,000, the trial court deducted a $20,000 settlement credit due to Shin's settlement with other non-suited defendants.

The trial court subsequently found in its *Findings of Fact and Conclusions of Law* that Westminster breached the *New Home Contract* by failing to initiate construction within forty days of the effective date of the contract and substantially completing the home by the promised closing date.  The trial court also found that "[a] similar FAB 1495 house . . . was either offered for sale or sold for $269,000 on or about March 27, 2008 [and] another similar FAB 1495 house . . . was offered for sale or sold for $269,969 on or about November 14, 2008."  The trial court found these houses comparable to the house Shin contracted for and deducted the contract price for his house from that of the comparable houses to arrive at a difference in market value of $40,000.  The trial court then deducted the $20,000 settlement credit from the $40,000 in damages and awarded Shin $50,000 in attorney's fees.  This appeal followed.

**Standard of Review**

We review a trial court's factual determinations after a bench trial for legal and factual sufficiency using the same standards applied to jury verdicts.  *Ortiz v. Jones*, 917 S.W.2d 770, 772 (Tex. 1996).  A challenge to legal sufficiency will be sustained if (1) there is a complete absence of evidence of an essential fact, (2) the trial court was barred by rules of law or evidence from giving weight to the only evidence proving an essential fact, (3) no more than a scintilla of evidence was offered to prove an essential fact, or (4) the evidence conclusively establishes the opposite of the essential fact.  *City of Keller v. Wilson*, 168 S.W.3d 802, 810 (Tex. 2005).  In making our determination, we

review the evidence in the light most favorable to the trial court's determination, crediting favorable evidence if a reasonable fact finder could have done so and disregarding contrary evidence unless a reasonable fact finder could not. *Id.* at 807.

### Market Value at Time of Breach[3]

In cases where a vendor has the ability to perform, but is unwilling to do so, the measure of damages for breach of contract to sell real estate is the difference between the contract price and the market value of that property at the time of breach. *Corpus Christi Development Co. v. Carlton*, 644 S.W.2d 521, 522 (Tex.App.—Corpus Christi 1982, no writ) (citing *Broady v. Mitchell*, 572 S.W.2d 36, 42 (Tex.Civ.App.—Houston [1st Dist.] 1978, writ ref'd n.r.e.)).  Market value is defined as the price property would bring when it is offered for sale by one who desires, but is not obligated to sell, and is bought by one who is under no necessity of buying, with both parties having reasonable knowledge of relevant facts.  *Exxon Corp. v. Middleton*, 613 S.W.2d 240, 246 (Tex. 1981).  Market value may be calculated by using "a fair resale, after notice to the party to be bound  . . . *within a reasonable time after the breach.*"  *Barry v. Jackson*, 309 S.W.3d 135, 140-41 (Tex.App.—Austin 2010, no pet.) (citing *Kempner v. Heidenheimer*, 65 Tex. 587, 591 (1886)) (emphasis supplied).

---

[3]Generally, there are two measures of damages for the breach of a construction contract: (1) remedial damages, which are the cost of completing the contract or of remedying those defects that are remediable, less the unpaid balance on the contract price, *Vance v. My Apartment Steak House, Inc.,* 677 S.W.2d 480, 482 (Tex. 1984), and (2) difference-in-value damages, which is the difference between the value of the building as constructed and its value had it been constructed according to the contract, *Turner, Collie & Braden, Inc. v. Brookhollow, Inc.*, 642 S.W.2d 160, 164 (Tex. 1982).  Nevertheless, the proper measure of damages must also be determined by the facts of each individual case.  *Vance,* 677 S.W.2d at 482.  Here, Shin chose to try his case using a benefit-of-the-bargain damage theory based upon the difference between his contract price and the market value of other similar property at the time of breach.  Because Westminster does not contest this theory of damages, we find that any issue regarding any other measure of damages was waived.  The precedential value of this opinion is limited to the facts of this case and should not be read as approving that measure of damages for every breach of a construction contract case.

At trial, Shin testified he looked for a home in Austin for more than a year before he heard about the Agave Development in February 2006.  Originally, he was interested in a FAB 1780 but the price ($269,900) was at the high end of his price range.  Although he had a contract drafted on the FAB 1780, he backed out.  In June 2006, Shin decided to purchase a FAB 1495 to be built on a corner lot for $229,900.  Shin testified from a spreadsheet produced by Westminster that two FAB 1495 houses in the Development were sold in March and November 2008 for $269,900.  Although he offered deposition testimony by Carrie Bills, the initial real estate broker for the Development, that prices in the Development were rising due to increased demand, there was no testimony regarding the time frame in which prices were rising or the nature of the price increase.

Although we recognize that "[w]hat is a reasonable time is a question of fact, varied by the circumstances of each case," *Barry,* 309 S.W.3d at 141 (citing *Kempner,* 65 Tex. at 591), Shin provided no evidence related to whether twelve to eighteen months between the time his contract was breached and the two subsequent houses were sold was a reasonable time or whether the sales price of the two subsequent houses was even comparable to the value of his house had it been completed at the time of breach twelve to eighteen months earlier.  *See Carlton*, 644 S.W.2d at 522 (holding that testimony concerning the market value *at the time of trial,* seventeen months after the breach, was *no evidence* from which the trial court could determine the market value *at the time of breach*).

To the contrary, Shin's evidence of market value near the time of breach was that a much larger house in the Development was worth $269,000 as compared to the smaller house he purchased for $229,900.  In addition, the $229,900 purchase price

5

was negotiated after Shin had been actively looking for housing in the Austin real estate market for more than a year. *See Stewart v. Chovanec,* 738 S.W.2d 776, 779 (Tex.App.—Fort Worth 1987, no writ) (plaintiffs were aware of the value of comparable property at the time of breach because they had been actively pricing homes). *See also Jack Roach Ford v. De Urdanavia,* 659 S.W.2d 725, 729 (Tex.App.—Houston [14th Dist.] 1983, no writ) (the contract price itself is some evidence of market value).

As plaintiff, it was Shin's burden to establish the property's market value as of March 2007, not March or November 2008, and thus it was his burden to establish that the later sale was within a reasonable amount of time. *Barry,* 309 S.W.3d at 141 (collected cases cited therein). Because Shin did not present any evidence that would support reasonable inferences either that the March or November 2008 sales occurred within a "reasonable time" or that subsequent sales of other property even reflected the value of this property at the time of Westminster's breach more than a year earlier, the trial court erred in awarding him the difference between the contract prices.[4] *See Barry,* 309 S.W.3d at 141; *Kempner,* 65 Tex. at 592.

Further, because the trial court erred in its damages determination, Shin is no longer entitled to attorney's fees. *See* Tex. Civ. Prac. & Rem. Code Ann. § 38.001(8); *MBM Financial Corp. v. The Woodlands Operating Co., L.P.,* 292 S.W.3d 660, 664 (Tex. 2009) (holding that in order to recover attorney's fees, a litigant must prevail on a breach of contract claim and recover damages).

---

[4]We are precluded from considering the deposition testimony cited in Shin's brief that was not presented or admitted during the bench trial. *See* Tex. R. App. P. 34.1. (The appellate record consists of the clerk's record and, if necessary to the appeal, the reporter's record.); *Sabine Offshore Serv., Inc. v. City of Port Arthur,* 595 S.W.2d 840, 841 (Tex. 1979).

Accordingly, Westminster's two issues are sustained and Shin's first issue on cross-appeal is pretermitted. *See* Tex. R. App. P. 47.1.

**Specific Performance**

In his second issue on cross-appeal, Shin contends the trial court abused its discretion by not awarding specific performance instead of monetary damages. In its *Findings of Fact and Conclusions of Law,* the trial court made no reference to Shin's action for specific performance.

If a trial court makes findings of fact and conclusions of law, the judgment may not be supported by an implied finding on any ground of recovery, or defense, of which no element has been included in the trial court's findings. Tex. R. Civ. P. 299. "When findings of fact are obtained, they define and limit the issues upon which an appellate court can affirm." *Williams v. Gillespie*, 346 S.W.3d 727, 732 (Tex.App.—Texarkana 2011, no pet.). Further, "[w]hen a given theory of recovery, or defense, is raised by the pleadings and evidence, and the findings of fact are made and filed, but no finding is referable to such theory, it will, on appeal, be deemed that such theory has been waived." *Imatani v. Marmolejo*, 606 S.W.2d 710, 713-14 (Tex.Civ.App.—Corpus Christi 1980, no writ). *See Mbank Abilene, N.A. v. Westwood Energy, Inc.,* 723 S.W.2d 246, 253 (Tex.App.—Eastland 1986, no writ) (when trial court's findings failed to establish any element of plaintiff's theory of conversion, plaintiff's appeal based on conversion is waived because plaintiff failed to request additional or amended findings of fact and conclusions of law); *Rankin v. Carpenter*, 568 S.W.2d 198, 203 (Tex.Civ.App.—Tyler 1978, no writ) (plaintiff "[was] in no position to complain of the judgment" where he

7

requested findings of fact and conclusions of law but made no request for additional findings regarding restitution and trial court's findings failed to establish any element of the recovery theory).

Shin asserts the trial court's oral comments following the conclusion of the bench trial permit him to raise this issue on appeal. It is well-settled that an appellate court cannot construe comments made by the trial court at the conclusion of a bench trial as findings of fact and conclusions of law. *Rutledge v. Staner*, 9 S.W.3d 469, 470-71 (Tex.App.—Tyler 1999, pet. denied) (citing *In re W.E.R.*, 669 S.W.2d 716-17 (Tex. 1984)). *See Broderick, Inc. v. Bassman Int'l Corp.*, 333 S.W.3d 895, 907 n.5 (Tex.App.—Dallas 2011, no pet.). Neither may such comments substitute for written findings of fact and conclusions of law; *In re Elamex,* 367 S.W.3d 879, 889 (Tex.App.—El Paso 2012, no pet. h.) (citing *In re Doe*, 78 S.W.3d 338, 340 n.2 (Tex. 2002)), or limit the grounds upon which a ruling can be upheld. *In re W.E.R.*, 669 S.W.2d 716, 716-17 (Tex. 1984). Accordingly, because Shin failed to request additional or amended findings of fact and conclusions of law to include specific performance, we find that Shin waived any appeal on this theory of recovery. Shin's second issue on cross-appeal is overruled.

## Conclusion

The trial court's judgment is reversed, a take-nothing judgment is rendered against Shin and Westminster is awarded its costs on appeal.

Patrick A. Pirtle
Justice

8